THORNAL, Justice.
The respondent Railroad and Public Utilities Commission has moved to dismiss a petition for a writ of certiorari to review an order of the Commission awarding a certificate of public necessity and convenience to a competitor of the petitioners.
The motion to dismiss is grounded on the failure of the petitioners herein to request reconsideration of the order by the Commission prior to seeking judicial review by this Court.
After extensive hearings the respondent Commission entered an order allowing an extension of a certificate of public necessity and convenience held by Miami Beach Air Transportation, Inc. The petitioners herein were protestants before the Commission. After the Commission entered its final order which is now submitted for review, the petitioners promptly filed a petition for certio-rari in this Court without having first sought a reconsideration of the order by the Commission.
The Commission moves to dismiss the instant petition contending that the petition *890 ers did not exhaust their administrative remedies by asking for a reconsideration of the order before seeking review here. It is this motion to dismiss which we now consider.
Following our decision in Ace Delivery Service v. Boyd, Fla., 100 So.2d 417, the respondent Commission amended its former Rule XV, which is now designated as Rule 310-2.59. The Amended Rule, to the extent applicable here, reads in part as follows :
“Whenever any party of record is dissatisfied with or aggrieved by any formal order of the Commission in any formal proceeding, such party shall serve and file with the Commission a petition for reconsideration. * * * Failure to file a petition for reconsideration as required herein will be deemed a waiver by the defaulting party of any objections said party may have to said order * * *.”
It is the position of the respondent Commission that the foregoing rule was properly adopted pursuant to its rule-making powers granted by Section 323.07, Florida Statutes, F.S.A. The Commission contends that the rule merely provides an essential step in administrative process and until this step has been taken, a party seeking judicial review of a Commission order has not exhausted his administrative remedy. The solution to the problem requires an examination of applicable statutes and appellate rules promulgated by this Court. We must decide whether the respondent Commission has the power to promulgate a rule which would effectively preclude judicial review here when such review is otherwise authorized by the Constitution and applicable appellate rules and statutes.
Section 350.641, reads in part as follows:
“(1) All petitions to the supreme court to review orders of the Florida railroad and public utilities commission by writ of certiorari shall be filed in the supreme court within sixty days after the entry or rendition of the order sought to he reviewed.” (Emphasis added.)
It should be noted that the quoted statute authorizes review of orders of the respondent Commission by this Court “within sixty days after the entry or rendition of the order.”
Article V, Section 3, Florida Constitution, F.S.A., provides:
“The practice and procedure in all courts shall be governed by rules adopted by the supreme court.”
Under Article V, Section 4, Florida Constitution, the Supreme Court “may issue writs of certiorari to commissions established by law.”
Pursuant to its constitutional power to adopt rules governing practice and procedure in the courts, the Supreme Court has promulgated the Florida Appellate Rules. Rule 4.1, Florida Appellate Rules, 31 F.S.A., provides:
“All appellate review of the rulings of any commission or board shall be by certiorari as provided by the Florida Appellate Rules.”
Rule 4.5(c), Florida Appellate Rules, provides :
“Application for writ of certiorari shall be by petition filed in the Court within 60 days from the rendition of the decision, order, judgment or decree sought to be reviewed. * * * ”
The statutory authorization for review of Railroad Commission orders, Section 350.-641, Florida Statutes, F.S.A., and the Appellate Rule promulgated by this Court, Rule 4.5(c), supra, are in harmony regarding the provision that an order subject to review by certiorari may be reviewed when the petition is filed “within 60 days from the rendition” of the order. The question arises as to when such an order is rendered. Again the answer is found in Flor *891 ida Appellate Rules. Rule 1.3, Florida Appellate Rules, provides in part as follows:
“ ‘Rendition’ of a judgment, decision, order or decree means that it has been reduced to writing, signed and made a matter of record, or if recording is not required then filed. A paper is deemed to be recorded when filed with the clerk and assigned a book and page number. Where there has been a timely and proper motion or petition for a new trial, rehearing or reconsideration by the lower court, the decision, judgment, order or decree shall not be deemed rendered until such motion or petition is disposed of.”
By the same rule the expression “lower court” includes a commission whose order is being reviewed.
The sum of all of these statutes and rules simply is that an order of the respondent Commission may be reviewed by certio-rari if the petition is filed within 60 days from the rendition of the order. The order is deemed rendered when made a matter of record or if recording is not required, then when it is filed. In the event that a petition for reconsideration is submitted the date of “rendition” of the order is extended to the time when such petition is disposed of. This was the rule regarding Railroad Commission orders, even prior to the adoption of the Florida Appellate Rules. Redwing Carriers, Inc. v. Carter, Fla.1953, 64 So.2d 557.
By including in its present Rule 310-2.59 a requirement that a petition for reconsideration be filed with the respondent Commission as a condition to seeking judicial review the Commission has undertaken to inject a requirement which is not contemplated, either by the statutes governing its own procedures or by the appellate rules promulgated by this Court pursuant to the Constitution for the accomplishment of judicial review of administrative orders.
The purpose of a petition for rehearing is merely to bring to the attention of the trial court or, in this instance, the administrative agency, some point which it overlooked or failed to consider when it rendered its order in the first instance. Hollywood Inc. v. Clark, 153 Fla. 501, 509, 15 So.2d 175; Maule Industries Inc. v. Seminole Rock and Sand Company, Fla., 91 So.2d 307. It is not intended as a procedure for re-arguing the whole case merely because the losing party disagrees with the judgment or the order.
The effect of the currently considered rule of the respondent Commission is to require the filing of a petition for rehearing as a pro forma step in the administrative process regardless of whether there is any point overlooked or any matter appropriate to be heard on a petition for reconsideration. In adopting the rule the respondent Commission exceeded its statutory rule-making power by adding to the administrative process a condition for obtaining judicial review. Such a requirement is not within the rule-making power of the respondent in view of the constitutional power of this Court to review orders of Commissions established by law and to promulgate rules and regulations governing the practice and procedure necessary to enable this Court to exercise its constitutional function.
The respondent suggests that our opinion in Ace Delivery Service v. Boyd, supra, indicated that a rule of the type under consideration could properly be adopted by the respondent Commission. We there simply held that the filing of a petition for rehearing after final order of the Commission is not a condition precedent to obtaining judicial review. We did note what appears to be the general rule that a petition for rehearing as a condition to review is not an essential step in the exhaustion of administrative remedies in the absence of a statute or regulation. The fact remains that any such statute or regulation must be one which could be validly enacted or promulgated. We are not called upon here to pass on the validity of any statute imposing this requirement. We do hold that the subject *892 rule is without effect to the extent that it purports to require the filing of a petition for reconsideration of a final order of the respondent Commission as a condition precedent to obtaining judicial review of such order. For the purpose of judicial review the administrative process is completed upon the rendition of the final order as heretofore discussed. For emphasis, we repeat that the filing of a petition for reconsideration cannot be required by rule of respondent Commission as' a condition precedent to obtaining judicial review.
Contrary to custom we have elaborated upon our reasons for denying a motion to dismiss a petition for certiorari in view of the importance of the question to the respondent Commission and the Bar.
The motion to dismiss is denied.
It is so ordered.
ROBERTS, C. J., and DREW, O’CON-NELL and CALDWELL, JJ., concur.