461 So.2d 282 (1985)
Raymond S. HURLEY and Related Interests, Appellants,
v.
Henry H. SLINGERLAND, Jr., et al., Appellees.
No. 81-966.
District Court of Appeal of Florida, Fourth District.
January 4, 1985.
Harry G. Carratt of Morgan, Carratt & O'Connor, P.A., Fort Lauderdale, and Michelle E. Kramish, Boca Raton, for appellants.
*283 Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, and Lavalle, Wochna, Rutherford & Brown, P.A., Boca Raton, for appellee, Slingerland.
DELL, Judge.
Appellant Raymond S. Hurley appeals from an order directing the receiver in a partnership dissolution proceeding to pay appellees $439,772.02. Appellant challenges only that part of the award which constitutes interest.
In 1971, appellant and several other individuals entered into a limited partnership agreement with appellee. Appellee became a limited partner and agreed to fund the partnership with $220,000. The agreement provided:
CAPITAL. The limited partnership shall initially be funded with a deposit of Two Hundred Twenty Thousand Dollars ($220,000.00) which shall consist of a cash contribution by Parties "B", for which Parties "A" and "C",[[1]] together with each of their wives (except the wife of Davis), agree to guarantee the repayment of sixty-two and one-half percent (62 1/2%) of said $220,000.00, (i.e., One Hundred Thirty-Seven Thousand Five Hundred Dollars ($137,500.00) and shall execute a Promissory Note (or Promissory Notes totaling said sum if requested by Henry H. Slingerland, Jr.), which shall be due and payable three (3) years from the date of the execution of this Agreement. In the event Parties "B" have not received said $137,500.00 within three years of the execution of this agreement, then and in that event Parties "B" or any of them may demand payment of such sum from Party "A" and Parties "C" proportional to their percentage of ownership.
The partnership then executed a promissory note in the amount of $220,000.00 and the general partners guaranteed 62 1/2% of that amount. The note provided for zero interest until maturity (April 26, 1974) and for interest of 10% per annum compounded monthly thereafter.
In April, 1973, appellee brought suit for dissolution of the partnership and alleged self dealing on the part of appellant, Hurley. Appellee sought the appointment of a receiver, an accounting, and a distribution of any amounts due him. He attached a copy of the partnership agreement to his amended complaint. The trial judge appointed a special master to hear the evidence. The special master made his findings and recommendations which the trial court approved. The parties appealed.[2] While on remand, appellee moved for disbursement of his $220,000 capital contribution plus interest. The special master found:
As part of the original limited partnership arrangement, the Plaintiff [Slingerland] was promised return of his initial capital investment of $220,000 plus interest at ten percent (10%) per annum.
The trial court approved the special master's recommendation and ordered the receiver to distribute the sum of $220,000 plus interest computed at the rate provided for in the note. The order directed the receiver to pay appellee $439,772.02.
Appellant raises several points on appeal. He contends first, that the trial court erred in awarding interest because appellee sued upon the partnership agreement, which does not expressly provide for interest, and did not specifically plead an action based upon the note; second, that the loan made to the partnership was usurious; and third, that appellee is not entitled to interest under the note because he received the $220,000 in 1973 and agreed to leave that sum with the receiver in lieu of posting a bond.
We find no merit in appellant's first point on appeal. The partnership agreement *284 expressly provided for the execution of a promissory note. The note was executed by the partnership and provided the terms of repayment. Taken together, the note and the partnership agreement comprised the entire understanding between the parties. Therefore, the master properly considered the terms of the note in determining that the partnership arrangement entitled appellee to $220,000 plus 10% interest. Appellant has failed to demonstrate that the master's findings were clearly erroneous or that he misconceived the legal effect of the evidence. Accordingly, the trial court properly approved his findings. See Dent v. Dent, 438 So.2d 903 (Fla. 4th DCA 1983); Sitomer v. Sitomer, 397 So.2d 373 (Fla. 4th DCA 1981).
Next, appellant argues that the transaction was usurious. We disagree. The interest provided for upon default[3] did not constitute a usurious amount. See Connecticut Mutual Life Insurance Co. v. Fisher, 165 So.2d 182 (Fla. 3d DCA 1964). Further, the general partners guaranteed only 62 1/2% of the face amount of the note. Since a portion of appellee's investment was at risk, we hold the transaction was not usurious. See Diversified Enterprises, Inc. v. West, 141 So.2d 27 (Fla. 2d DCA 1962).
Finally, appellant argues that appellee is entitled to no interest because the note was paid in full in 1973 and appellee voluntarily left the $220,000 with the receiver in lieu of a bond. We have not found where appellant presented this argument to the special master, and appellant concedes that he did not raise it as an exception to the master's report. Understandably, the trial court did not resolve this issue and we will not consider it for the first time on appeal. See State ex rel. Andreu v. Canfield, 40 Fla. 36, 23 So. 591 (1898).
Therefore the judgment of the trial court is affirmed in all respects.
AFFIRMED.
ANSTEAD, C.J., and HERSEY, J., concur.
NOTES
[1] The term "Parties B" refers to appellee. The term "Parties A and C" refers to the general partners.
[2] See Slingerland v. Hurley, 388 So.2d 587 (Fla. 4th DCA 1980), appeal dismissed, 394 So.2d 1152 (Fla. 1980). This court affirmed in part, reversed in part and remanded the case for further findings of fact not related to the issues on this appeal.
[3] The note provided:

Interest for each calendar month shall be accrued on the first day of said month and shall be computed on the unpaid balance of the principal and interest existing on the last day of the preceding month. This note shall be considered in default when any payment required to be made hereunder shall not have been made within 30 days following its due date and shall remain in default until said payment shall have been made. While in default, this note shall bear interest at the rate of 10% per annum in lieu of the rate hereinbefore specified.