515 So.2d 302 (1987)
FLORIDA DEPARTMENT OF CORRECTIONS, Appellant,
v.
Richard E. PROVIN, Appellee.
No. BO-204.
District Court of Appeal of Florida, First District.
October 28, 1987.
Rosa H. Carson, Deputy Gen. Counsel, Dept. of Corrections, Tallahassee, for appellant.
Raymond A. David, Jr., of David & Morrow, Jacksonville, for appellee.
*303 ERVIN, Judge.
The Florida Department of Corrections (DOC) appeals an order entered by the Career Service Commission (later designated as Commission or CSC) on rehearing, vacating its earlier order that had sustained DOC's action dismissing the employee, Provin, and directing that the dismissal be reduced to a suspension without pay, and that he be reinstated to his former position, effective June 27, 1986. The DOC argues that there was no proper showing of cause for the Commission to grant rehearing and to reverse its prior decision. We affirm.
By letter dated March 1, 1985, Provin was notified that disciplinary action was pending against him and that he could be dismissed. A predetermination hearing was conducted by DOC on March 13, 1985, resulting in Provin's dismissal, effective March 15, 1985. The dismissal was appealed to the Commission, a de novo evidentiary hearing was conducted, and an order entered on June 17, 1986, finding that the DOC had shown just cause in dismissing Provin; as a result, DOC's action was sustained. Subsequently, within ten days after the entry of the order, a motion for rehearing and an amended motion for rehearing were filed, seeking rehearing on the basis of the facts previously submitted, and raising for the first time an issue not earlier brought to the attention of the Commission, alleging that Provin did not receive notice of DOC's proposed disciplinary action within ten days before his dismissal, as required by Section 110.227(5), Florida Statutes, and Florida Administrative Code Rule 22A-10.0042. The DOC moved to strike the amended petition for rehearing on the ground that the employee had raised an evidentiary matter and issue that were not submitted at the de novo hearing. A second hearing was conducted, where the disputed evidence was considered, reflecting that although DOC's letter informing Provin of the charges had been dated March 1, 1985, that Provin did not receive the letter until March 7, 1985, less than ten days before his dismissal, which occurred on March 15, 1985.
The Commission's order, in finding that just cause existed for DOC's disciplinary action, but not for the severity of the action taken, revisited its earlier findings and determined that some of DOC's evidence did not support the employing agency's sanction of dismissal. The order further stated that the issue of the lack of required notice prior to dismissal was waived due to the employee's failure to raise it before or at the earlier hearing, yet it also inconsistently stated that Provin was prejudiced in preparing a defense because of the defective notice.
The DOC's argument that there is no proper showing of cause for the Commission to grant rehearing is broken down into several subparts: (1) That the Commission improperly granted rehearing on the basis of facts in mitigation that had previously been considered in its initial order, with the exception of the issue of notice that was raised for the first time on rehearing. (2) That the Commission erred in granting the motion for rehearing on the basis of mitigating factors, in that the issue of insufficient notice was raised for the first time in the motion for rehearing, and was therefore waived. (3) That if the Commission could appropriately consider the issue of defective notice on rehearing, it erred in finding the notice given was insufficient and the employee prejudiced without conducting an evidentiary hearing, where the DOC should have been provided the opportunity to cross-examine and provide rebuttal evidence.
As to the first sub-issue raised, the DOC argues that the Commission erred in considering the same facts in mitigation that had previously been before it at the de novo hearing, thereby permitting a retrial of the same issues. In so arguing, the DOC relies upon two cases from the Florida Supreme Court involving orders by the Public Service Commission (PSC) granting motions for rehearings: Diamond Cab Co. of Miami v. King, 146 So.2d 889 (Fla. 1962), and Stewart Bonded Warehouse, Inc. v. Bevis, 294 So.2d 315 (Fla. 1974). Both cases are distinguishable from that at bar, because both involved orders on rehearing which were in excess of the scope of powers *304 legislatively delegated to the agency: In King the agency's rule precluding judicial review of the order unless a motion had first been made for rehearing, and in Stewart Bonded Warehouse, the agency's decision granted a certificate of public convenience and necessity to an applicant without properly considering the statutory criteria necessary for grants of such certificates. The Stewart opinion particularly commented upon the lack of competent, substantial evidence supporting the agency's order on rehearing.
Here, the Commission, unlike the PSC in the above cases, in granting the motion for rehearing, did not change its prior determination that just cause did not exist for the disciplinary action, but found instead, based upon both old and new evidence, that the severity of the sanction was not justified. In other words, its order reducing Provin's dismissal to a suspension was not dependent upon whether competent and substantial evidence supported just cause for DOC's action. The CSC agreed that just cause did exist, but decided, notwithstanding, that DOC's disciplinary action was too severe. Unlike the PSC's actions reviewed in the above two cases, the CSC was clearly conferred the statutory power to so act. Section 110.309, Florida Statutes (1985), provides in part:
(3) Upon a finding that just cause did not exist for the suspension or dismissal, the commission may order the reinstatement of the employee, with or without back pay.
(4) Upon a finding that just cause for disciplinary action existed, but did not justify the severity of the action taken, the commission, may, in its discretion:
(a) Reduce a dismissal to a suspension for such time as the commission may fix; or
(b) Reduce the period of a suspension.
(5) Any order of the commission issued pursuant to subsection (3) or subsection
(4) shall be conclusive on the agency or officer concerned.
(emphasis supplied)
The Commission's decision to reduce Provin's dismissal to a suspension was no doubt influenced in part by factors that had been previously considered earlier by the Commission. Nevertheless, the Commission's authority to so act is statutorily designated as "conclusive". Given no statutory standards against which the order can be reviewed, it must be considered essentially as unreviewable.[1] The legislative delegation of power, authorizing the Commission to reduce dismissals and suspensions, is so broadly "drawn ... that a [reviewing] court would have no meaningful standard[s] against which to judge the agency's exercise of discretion. In such a case, the statute (`law') can be taken to have `committed' the decisionmaking to the agency's judgment absolutely." Heckler v. Chaney, 470 U.S. 821, 830, 105 S.Ct. 1649, 1655, 84 L.Ed.2d 714, 723 (1985) (e.s.). Cf. also Florida Real Estate Commission v. Webb, 367 So.2d 201 (Fla. 1978), holding, in its construction of Section 120.68(12), Florida Statutes (forbidding reviewing courts from substituting their judgment for that of the agency on an issue of discretion), that courts have "no authority to review the penalty unless agency findings are in part reversed."
The DOC appears to argue that standards generally applicable to judicial proceedings under Florida Rule of Civil Procedure 1.530 are also applicable to guide the Commission's discretion in determining whether to grant motions for rehearing. We have expressly held, however, that Rule 1.530 is not pertinent to hearings conducted under the Administrative Procedure Act. See Systems Management Associates, Inc. v. State, Department of Health and Rehabilitative Services, 391 So.2d 688, 689 (Fla. 1st DCA 1980). It is well *305 recognized that the powers of administrative agencies are measured and limited by the statutes or acts granting them their powers, or to those conferred either expressly, or by necessary or fair implication. See Hall v. Career Service Commission, 478 So.2d 1111 (Fla. 1st DCA 1985); 1 Am.Jur.2d Administrative Law § 72 (1962).
The source of the Commission's power to adopt rules granting rehearings is derived from its broad rulemaking authority, conferred by Section 110.305(1), Florida Statutes: "The commission shall, in accordance with chapter 120, adopt ... such rules as it deems necessary to carry out its responsibilities as specified herein." The Commission is otherwise empowered by section 110.305(3) to hear appeals arising out of any suspensions, reductions in pay, transfers, layoffs, demotions, or dismissals of any employee in the state career service, which shall be conducted by a de novo fact-finding hearing. See section 110.309(1). Pursuant to those powers, the Commission adopted Florida Administrative Code Rule 22M-2.013 (1981), relating to motions for rehearings, providing:
(1) Upon motion of proper party, or by its own motion, the Commission may reconsider, modify or amend final orders when:
(a) The order is still under the Commission's control and has not become effective;
(b) The modification or amendment is based upon testimony taken at the previous hearing; or
(c) There is a proper showing that the final order was made through fraud, collusion, deceit or mistake.
(2) Motions filed under paragraphs (a) and (b) of subsection (1) for rehearing, reconsideration, amendment or modification of final order, shall be filed (within 10 calendar days after the deliberation by the Commission, or) within 10 calendar days after the receipt of the Commission's final order.
Obviously the statutory powers conferred to the agency, as well as the Commission's rule adopted pursuant to such powers, confer broad discretion to the agency in deciding whether to grant motions for rehearing. The Commission has interpreted the rule as permitting it to reconsider its earlier final order, even if its reconsideration was based upon factors earlier considered when reaching its initial order, if a motion for rehearing is filed within 10 days after receipt of the final order. The Commission's determination in this regard does not appear to us to be outside the permissible range of interpretations, nor indeed contrary to the expressed language of the agency's rule. We have frequently stated that agencies are afforded wide discretion in the interpretation of their own duly adopted rules that they administer, and, as a natural consequence of such recognition, a reviewing court should defer to any interpretation that is within the range of possible interpretations. Natelson v. Department of Insurance, 454 So.2d 31 (Fla. 1st DCA 1984), review denied, 461 So.2d 115 (Fla. 1985); Department of Health and Rehabilitative Services v. Wright, 439 So.2d 937 (Fla. 1st DCA 1983); State, Department of Health and Rehabilitative Services v. Framat Realty, Inc., 407 So.2d 238 (Fla. 1st DCA 1981). It is not for the courts to dictate to the agency the wisdom of the agency's policy actions if such actions do not clearly appear to contravene the express or reasonably implied scope of powers legislatively delegated to it.
The DOC also argues that the Commission's order on rehearing was influenced in part by evidence relating to lack of notice that was not submitted at the original hearing, and argues that inasmuch as the evidence was not newly discovered, the employee should be deemed to have waived the additional evidence relating to an issue that was not timely asserted. We disagree. Although a due diligence standard has been applied in judicial proceedings to bar evidence that could have been discovered before trial by the exercise of due diligence, see King v. Harrington, 411 So.2d 912 (Fla. 2d DCA), review denied, 418 So.2d 1279 (Fla. 1982), we do not, for the reasons previously stated, regard judicial standards as wholly applicable to administrative *306 proceedings. In fact, in regard to an agency's power to consider rehearings, it has been stated that "[a] rehearing may be granted even though the evidence claimed as a basis for the application is not newly discovered and could, in the exercise of due diligence, have been offered at the original hearing... ." 2 Am.Jur.2d Administrative Law § 537 (1962).
There is clearly nothing in the Administrative Procedure Act, in Chapter 110, or, for that matter, in the agency's rules, compelling the agency to apply a due diligence standard to the reception of evidence received after the close of the initial hearing. The agency has the authority either to apply or not apply a due diligence standard. What standard or procedure that should be employed regarding the reception of additional evidence, after the conclusion of the de novo hearing, is a decision reserved to the responsible agency  not the courts. Cf. Florida Department of Transportation v. J.W.C. Co., 396 So.2d 778 (Fla. 1st DCA 1981) (Department of Environmental Regulation did not abuse its discretion in refusing to grant Department of Transportation's request to remand the case to a hearing officer for consideration of a new hearing following the conducting of a Section 120.57(1) hearing, in that neither Chapter 120, Florida Statutes, nor any other provision[2] expressly grants to the agency the authority to remand a proceeding for consideration of further evidence). In J.W.C. Co., we stated: "Substantial authority holds that there is no abuse of discretion in denying a rehearing ... sought for the purpose of introducing evidence that could, in the exercise of due diligence, have been offered at the original hearing." Id. at 786. Similarly, we find no abuse of discretion caused by the agency's reception of additional evidence, regardless of whether such evidence could, with the exercise of due diligence, have been earlier presented.
Finally, we find no abuse of discretion resulting from the agency's refusal to allow rebuttal testimony or cross-examination of Provin regarding the rehearing that was accorded Provin as to the issue of lack of timely notice. The Commission limited the parties to oral argument on the merits of the motion for rehearing. We feel that the Commission, acting in the exercise of its quasi-judicial powers, can establish appropriate rules of procedure for its consideration of motions for rehearing. We see no violation of due process so long as both parties were given the opportunity to argue the issues raised in the motion for rehearing before the Commission, particularly in view of the fact that the additional evidence[3] was accepted by the Commission, not for determining whether just cause existed for the dismissal of the employee, but for determining whether the employing agency's disciplinary action justified the severity of the action taken. In view of the broad discretion given the Commission by statute to reduce dismissals or suspensions, regardless of whether a preponderance of the evidence supports a finding of just cause for the employing agency's disciplinary action, the limitation imposed on evidence to be received at rehearing would appear at most harmless to us.
In consideration of these issues and the unique statutory powers conferred upon the CSC, we think it helpful to repeat what was long ago stated by the United States Supreme Court in ICC v. Jersey City, 322 U.S. 503, 514-515, 64 S.Ct. 1129, 1134-1135, *307 88 L.Ed. 1420, 1428 (1944): "It has been almost a rule of necessity that rehearings were not matters of right, but were pleas to discretion. And likewise it has been considered that the discretion to be invoked was that of the body making the order, and not that of a reviewing body." (emphasis supplied)
AFFIRMED.
MILLS & WIGGINTON, JJ., concur.
NOTES
[1] The virtually unlimited discretion of the Commission to reduce dismissals to suspensions, even when just cause existed for disciplinary action, has since been curtailed. Chapter 86-163, Section 84, Laws of Florida, created Section 447.208, Florida Statutes (Supp. 1986); subsection (3)(d) thereof limits the discretion of the reviewing agency (now transferred to the Florida Public Employees Relations Commission), in reducing dismissals and suspensions, by directing it to consider only the circumstances listed thereunder.
[2] In the present case, the CSC's own rule, of course, expressly permits the agency to conduct rehearings, and there is nothing in the statutory powers conferred to it by Chapter 110, precluding the agency from so acting.
[3] It is not entirely accurate to say that the evidence relating to the lack of notice was first presented on rehearing. Provin testified at the initial de novo hearing that he first received on March 7, 1985 the letter notifying him of the pending disciplinary action, which was less than 10 days before his dismissal. Additionally, during both his examination and cross-examination he testified that he was never given notice of an adverse audit report until his receipt of the letter on March 7, 1985; thereby, at the very minimum, Provin implicitly raised as an issue that he was hampered in his defense to the disciplinary charges by lack of sufficient notice. It is more accurate to say that Provin did not make any specific issue of the failure of DOC to comply with the 10-day notice period until he filed his amended motion for rehearing.