556 So.2d 443 (1990)
The SCHOOL BOARD OF LEON COUNTY, Florida, Appellant,
v.
James WEAVER, Appellee.
No. 88-2728.
District Court of Appeal of Florida, First District.
January 18, 1990.
Rehearing Denied February 22, 1990.
*444 C. Graham Carothers, of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellant.
Curley R. Doltie, Tallahassee, for appellee.
ERVIN, Judge.
Appellant, the School Board of Leon County, Florida (Board), seeks review of an administrative order finding that appellant had committed an unlawful employment practice in violation of the Human Rights Act of 1977[1] by failing to hire the appellee, James Weaver, for a full-time teaching position. We affirm in part, reverse in part and remand.
Appellee, a black male, initially filed a pro se complaint with the Florida Commission of Human Relations (Commission) in which he alleged he was denied employment with the Board, because of his sex and race. A lengthy investigation initiated by the Commission resulted in a "no cause" determination. Thereafter the complaint proceeded to formal hearing before a hearing officer with the Department of Administrative Hearings (DOAH). The DOAH hearing officer issued a recommended order, finding that appellee had presented a prima facie case of discrimination and that appellant had failed to present a legitimate, nondiscriminatory reason for not hiring appellee. He thereupon concluded that appellant had committed an unlawful employment practice and recommended that the Commission grant appellee such relief as was necessary to rectify the discrimination, including, but not limited to, entry of a final order directing appellant to end its discriminatory practices and hire appellee to a full-time teaching position.
Both parties filed exceptions to the recommended order  appellant basically contending that appellee had failed to establish a prima facie case, and appellee arguing that the hearing officer failed to grant him an award of back pay. After several hearings were held on the exceptions raised, the Commission entered its final order, which did not precisely adopt the order recommended, but nevertheless concluded that appellant had committed an unlawful employment practice. The Commission ordered appellant to cease and desist from discriminating on the basis of race and sex, to offer appellee the next available full-time position for which he was qualified, and to pay appellee back pay with interest, and attorney's fees and costs.
Appellant raises five issues on appeal. The first issue is whether there is competent, substantial evidence to uphold the conclusion that appellant committed an unlawful employment practice. After reviewing the record, we agree that the evidence supports the Commission's determination that appellee established a prima facie case of employment discrimination,[2] and that appellant failed to provide a legitimate, nondiscriminatory reason for failing to hire appellee. We therefore affirm this issue without further discussion.
The second and fifth issues raised by appellant were directed to the Commission's award of back pay, including the interest awarded thereon. In his nonfinal order the DOAH hearing officer made no express award of back pay, rather he recommended
that the Commission grant the Petitioner [appellee] such relief as is necessary to rectify the Respondent's [appellant's] discrimination against him to include but not limited to a Final Order directing the Respondent to desist from its discriminatory practices, to hire Petitioner in a full-time position, and to award him attorney['s] fees.
Following the hearing, Weaver specifically raised for the first time the issue of his *445 entitlement to back pay and submitted to the hearing officer a proposed finding of fact and conclusion of law, representing that he should be awarded money damages, including back pay and interest thereon. Replying to this proposal, the hearing officer stated:
14. Petitioner lost the wages he would have earned from Respondent. Petitioner was not employed in other positions during the period. However, the statute apparently does not permit recovery of economic damages, therefore, 14 is irrelevant.
In concluding that the Act does not authorize back pay awards, the hearing officer misconstrued what we consider to be plainly stated to the contrary. Section 760.10(13) provides in part: "No liability for back pay shall accrue from a date more than 2 years prior to the filing of a complaint with the commission." Additionally, as this court observed in School Bd. of Leon County v. Hargis, 400 So.2d 103, 108 n. 2 (Fla. 1st DCA 1981), Florida's Human Rights Act is patterned after Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2), and the Civil Rights Act has been construed in the federal sector as requiring an award making the complaining party whole as a result of the discriminatory practice, by being provided, among other things, back pay. See Storey v. City of Sparta Police Dep't, 667 F. Supp. 1164, 1173 (M.D.Tenn. 1987).
Nonetheless, under the circumstances, we are compelled to reverse that portion of the Commission's order awarding Weaver back pay with interest. Weaver presented no evidence at the hearing relating to economic damages caused by the discriminatory actions of the Board. What the Commission essentially did after reviewing the order was to reopen the hearing after all the evidence had been presented and a recommended order entered. As this court has stated in a number of decisions, see, e.g., Henderson Siqns v. Florida Dep't of Transp., 397 So.2d 769 (Fla. 1st DCA 1981); Florida Dep't of Transp. v. J.W.C. Co., 396 So.2d 778 (Fla. 1st DCA 1981), the agency is conferred no such authority to act. Specifically, we observed in J.W.C. Co., that section 120.57(1)(b)9, Florida Statutes (now renumbered section 120.57(1)(b)10),[3] forbids, among other things, an agency from rejecting or modifying recommended findings of fact unless it first determines from a review of the complete record that the findings were not based on competent, substantial evidence, and that the statute therefore provides no authority to a reviewing agency to receive additional evidence other than that already presented and evaluated by the hearing officer.[4]Id. at 783-84.
Under the circumstances, the Commission had no authority to permit an award of back pay. Consequently that portion of the order awarding back pay, together with interest thereon, is reversed and the case remanded with directions that the Commission approve the hearing officer's recommended order. Because we reverse the back pay award, appellant's issue regarding the interest award is moot.
*446 A fourth issue raised by appellant seeks reversal of the entire final order, because it was not rendered until approximately ten months after the submission of the recommended order.[5] The rule is firmly established, however, that reversal of final administrative orders, which are not rendered in compliance with the provisions of Section 120.59(1), Florida Statutes,[6] is required only if the fairness of the proceedings or the correctness of the action taken is found to have been impaired by virtue of the statute's violation. Department of Transp. v. Courtelis Co., 436 So.2d 92 (Fla. 1983). The record at bar reflects that many of the delays were requested or necessary and that appellant never actually complained of the delay until September 1988. Moreover, appellant's major complaint on the unfairness issue was its liability for back pay and interest, and because those portions of the order have been reversed, we conclude that appellant has failed to demonstrate that the Commission's delay has otherwise impaired the fairness of the proceeding or the correctness of the action taken.
Appellant's final issue on appeal, relating to the Commission's violation of Section 760.03(5), Florida Statutes (1985), requiring the participation of no less than three panel members in its deliberations, is without merit. There is nothing in the record to indicate that less than all three commissioners participated in the determination of the case, even though they were not always physically present in the same room.
AFFIRMED in part and REVERSED and REMANDED with directions to reinstate the hearing officer's recommended order.
SHIVERS, C.J., and JOANOS, J., concur.
NOTES
[1] Sections 760.01-.10, Florida Statutes (1985).
[2] A prima facie case of employment discrimination is established by showing 1) that the plaintiff belongs to a racial minority; 2) that he applied and was qualified for the job for which the employer was seeking applicants; 3) that he was rejected despite his qualifications; and 4) that, after rejection, the position remained open and the employer continued to seek applicants with the plaintiff's qualifications. School Bd. of Leon County v. Hargis, 400 So.2d 103, 108 n. 2 (Fla. 1st DCA 1981).
[3] This statute establishes the authority of the agency upon receipt of the recommended order.
[4] This holding should be compared with our later decision in Florida Dep't of Corrections v. Provin, 515 So.2d 302 (Fla. 1st DCA 1987), in which we upheld the Career Service Commission's order reducing the employee's dismissal to a suspension, based upon evidence received after the Commission's initial order upholding the dismissal had been entered. In Provin, although the Commission permitted the proceeding to be reopened and additional evidence presented, the initial hearing had been held before the agency itself; hence the provisions of section 120.57, relating to an agency's responsibilities when reviewing a hearing officer's recommended order, were not applicable. In the case at bar, the hearing of course was conducted before a DOAH officer, therefore the provisions of section 120.57(1)(b)10 apply. Additionally, unlike both statutory and rule authority authorizing the Career Service Commission to consider motions for rehearing, we find nothing in either the enabling statutes or the Commission of Human Relations' own rules authorizing the agency to reopen evidentiary hearings once they have been concluded. In fact, Florida Administrative Code Rule 22T-8.029 suggests the contrary, in that it generally provides that after the issuance of a recommended order, and any exceptions thereto, "the Commission ... shall consider the record and issue a written decision resolving the issues before it." (Emphasis added.)
[5] The recommended order was entered on November 18, 1987, and the final order was rendered on September 20, 1988.
[6] Requiring, inter alia, that a final order be rendered within 90 days after the submission of a recommended order.