682 So.2d 1117 (1996)
Eugenie BOYD, Appellant,
v.
DEPARTMENT OF REVENUE, Appellee.
No. 95-3205.
District Court of Appeal of Florida, Fourth District.
September 4, 1996.
Rehearing Denied December 5, 1996.
*1118 L. Eugenie Boyd, Sunrise, pro se.
Brian F. McGrail, Patrick Loebig and Linda Lettera, Office of the General Counsel, Department of Revenue, Tallahassee, for appellee.
WARNER, Judge.
Appellant challenges the final order entered by the Public Employees Relations Commission (PERC) accepting the report of a hearing officer that appellant's dismissal from her employment with the Department of Revenue (DOR) be affirmed. Because we too must accept the findings of fact made by the hearing officer, we affirm the order of PERC.
Appellant makes several challenges to the hearing officer's recommendations. First, she claims that the hearing officer and PERC erred in finding that the DOR had proven that she was properly dismissed for cause. As support for this proposition, appellant discusses facts that the hearing officer overlooked. Essentially, appellant is asking this court to reweigh the evidence considered by the hearing officer. However, it is the hearing officer's function to consider all evidence presented, resolve conflicts, judge credibility of witnesses, draw permissible inferences from the evidence, and reach ultimate findings of fact. Heifetz v. Department of Business Regulation, 475 So.2d 1277, 1281 (Fla. 1st DCA 1985). When evidence presented supports two inconsistent findings, it is the hearing officer's role to decide the issue, and neither PERC nor this court can overturn the officer's findings based on disputed issues of fact. Id. As there appears in the record competent substantial evidence to support the hearing officer's findings of fact and conclusions of law that appellant was properly dismissed for unsatisfactory work performance, PERC did not err in affirming the officer's decision.
We also find no error in the officer's decision that the DOR substantially complied with its administrative regulations in formulating and implementing appellant's performance improvement plan and in dismissing her. The deviations from exact compliance with the regulations were technical and did not impair appellant's ability to comply with the plan or to achieve a fair evaluation of her performance, nor did appellant show how the method and manner of her dismissal prejudiced her. While she claims that she was not given a full sixty-day evaluation period, part of that time included sick leave which she took for stress without the prior approval of her supervisors. She did not request that her evaluation period be extended because of the missed time. The DOR did not shorten her evaluation time period and cannot be required to give an extension of the period which was never requested.
Appellant also argues that the dismissal sanction recommended by the hearing officer and affirmed by PERC was too severe for the circumstances of her case. It is not this court's position to reweigh the evidence and come to a different conclusion regarding the sanctions imposed so long as they are within the statutorily permissible actions available.
Finally, appellant argues that there was discrimination shown in the work place, furnishing this court with documents of charges of racial discrimination against some of her supervisors well before her employment *1119 with the DOR. These are serious charges, and if her dismissal were racially motivated, relief may be available in the form of an equal employment discrimination action. But as she admits in her brief, there was no evidence placed before the hearing officer regarding these prior charges which might have affected the evaluation of the credibility of these witnesses. As appellant failed to raise this issue below, this court cannot reach the issue for the first time on appeal. See Dance v. Tatum, 629 So.2d 127, 129 (Fla.1993); Hurley v. Slingerland, 461 So.2d 282 (Fla. 4th DCA 1985).
Affirmed.
GLICKSTEIN and SHAHOOD, JJ., concur.