716 So.2d 790 (1998)
Paul R. PLANTE, V.M.D., Appellant,
v.
DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, DIVISION OF PARI-MUTUEL WAGERING, Appellee.
No. 97-4480.
District Court of Appeal of Florida, Fourth District.
June 3, 1998.
As Clarified August 12, 1998.
*791 Stephen T. Maher of Stephen T. Maher, P.A., Miami, for appellant.
Lisa S. Nelson, Tallahassee, for appellee.
KLEIN, Judge.
Appellant, a veterinarian, was found to have violated a statute and a rule by giving a racehorse medication or drugs in order to affect the outcome of a race. We affirmed the violation of the statute, but reversed the violation of the rule, which was unconstitutional, and remanded for a new penalty to be imposed. Plante v. Department of Bus. and Prof'l Regulation, 685 So.2d 886 (Fla. 4th DCA 1996), rev. denied, 695 So.2d 701 (Fla.1997). We again reverse because we find that the agency erred in refusing to consider its own precedents at the penalty hearing.
Appellant, a licensed veterinarian working at Pompano Park Harness Track, "milkshaked" a horse a few hours prior to a race. A milkshake consists of about one-third of a pound of sodium bicarbonate, sucrose, and water, and there is a belief that it enhances a horse's performance. In his prior appeal, appellant argued that the words "medication or drugs" in the statute he was charged with violating were unconstitutionally vague, and that sodium bicarbonate did not constitute a drug. Because we affirmed only one of the two violations for which the penalty was imposed, we remanded for reconsideration of the penalty.
The Director of the Division of Pari-Mutuel Wagering set a new hearing on the penalty, and appellant's counsel requested a continuance because he would be out of the state. The hearing had already been continued once at his request, and the director denied his motion, but authorized him to be involved by telephone.
Because he could not be present, appellant's counsel filed a document containing written argument with attachments including precedents allegedly reflecting that lighter penalties had been imposed by the Division in other horse drugging cases. He also attached information showing that after appellant had been found in violation, the Division had liberalized its policy on prosecuting the use of sodium bicarbonate and literature reflecting changing views regarding the use and effect of sodium bicarbonate on horses.
The Division filed a written motion to strike the document in its entirety, which, at the beginning of the hearing, the director granted without permitting argument on the motion. Appellant's counsel then advised the director that, in view of that action, there was little he would be able to contribute over the telephone. The hearing officer then recommended a one year suspension and a $1,000 fine, which was adopted by the Division.[1] Appellant argues that the director erred in striking his memorandum and attachments.
The notice of hearing issued by the director provided that, as an alternative to attending the hearing, the appellant could provide "any written documentation or legal argument in support of penalty mitigation." In regard to the precedents which appellant filed, i.e., penalties imposed by the Department in what appellant submitted were analogous circumstances, appellant cites Gessler v. Department of Business and Professional *792 Regulation, 627 So.2d 501, 503-04 (Fla. 4th DCA 1993). In that case we observed that stare decisis is a "core principle of our system of justice," and that it should be applied to "administrative proceedings by requiring the agency to provide reasonable access to prior agency orders." We find that the appellant was entitled to rely on precedents and that the director therefore erred in striking that portion of appellant's submission.
The other information in appellant's submission is another matter. These are, in our opinion, additional facts which were not before the hearing officer, and therefore cannot be considered by the Division. School Bd. of Leon County v. Weaver, 556 So.2d 443 (Fla. 1st DCA 1990); Ong v. Department of Prof'l Regulation, 565 So.2d 1384 (Fla. 5th DCA 1990).
Anticipating the problem that this factual information could not be considered by the Division, the appellant did file a motion after our remand to have this evidence considered by the hearing officer, and appellant raises the denial of that motion as an issue on this appeal. He has cited us no authority, however, under which what could best be described as newly discovered evidence can now be considered by the hearing officer. See Weaver, 556 So.2d at 443 n. 4 (no authorization in statutes or rules of Commission of Human Relations for an agency to reopen administrative evidentiary hearing once it has been concluded). We therefore find no error in the denial of the motion to submit the new evidence to the hearing officer or in the striking of that factual information by the Division.
We have considered the other issues raised by appellant and find them to be without merit. We therefore reverse and remand solely for consideration of the precedents submitted by appellant and reconsideration of the penalty.
WARNER and TAYLOR, JJ., concur.

ON MOTION FOR CLARIFICATION
KLEIN, Judge.
We grant appellee's motion for clarification and substitute the following paragraph for the fifth paragraph contained in our original opinion filed June 3, 1998:
The Division filed a written motion to strike the document in its entirety, which, at the beginning of the hearing, the director granted without permitting argument on the motion. Appellant's counsel then advised the director that, in view of that action, there was little he would be able to contribute over the telephone. The hearing officer then recommended a one year suspension and a $1,000 fine, which was adopted by the Division.[1] Appellant argues that the director erred in striking his memorandum and attachments.
WARNER and TAYLOR, JJ., concur.
NOTES
[1] The original penalty of one year and a $2,000 fine was the penalty recommended by the hearing officer. After we reversed and remanded the Division found that the one year suspension was still appropriate because both of the original charges were based on a single set of facts, but reduced the $2,000 fine to $1,000, the maximum which can be imposed on one count.
[1] Prior to the first appeal, the hearing officer had recommended a suspension of one year and a $2,000 fine; however, the Division imposed a suspension of two years and a $2,000 fine. After we reversed and remanded the Division found that a one year suspension would be appropriate and reduced the $2,000 fine to $1,000, the maximum which can be imposed on one count.