719 So.2d 1212 (1998)
Gregory K. NORDHEIM, Appellant/Cross-Appellee,
v.
DEPARTMENT OF ENVIRONMENTAL PROTECTION, Appellee/Cross-Appellant, and
Public Employees Relations Commission, Appellee.
No. 98-675.
District Court of Appeal of Florida, Third District.
September 16, 1998.
Rehearing Denied November 18, 1998.
*1213 Stuart A. Goldstein, Miami, for appellant/cross-appellee.
Gary C. Smallridge, Tallahassee, for appellee/cross-appellant Department of Environmental Protection.
William D. Salmon, Tallahassee, for appellee Public Employees Relations Commission.
Before NESBITT, JORGENSON and SORONDO, JJ.
NESBITT, Judge.
Gregory K. Nordheim ("Nordheim") appeals a final order of the Public Employees Relations Commission ("PERC"), and his employer, the Department of Environmental Protection ("DEP"), cross-appeals the same, with PERC designated as a party-appellee.
This case was heard by a hearing officer, whose findings of fact were supported by substantial, competent evidence, and establish the following: Nordheim was employed as a pilot by DEP. In 1991 he was involved in a serious aircraft accident which occurred while he was performing several tasks simultaneously. He was at once flying over water, keeping a boat with an illegal net operation under surveillance, operating a radio to inform persons in the Florida Marine Patrol ("FMP") of the location of the boat, and trying to avoid hitting a nearby lighthouse. He consequently went into a "stall spin" because he failed to keep sufficient airspeed, and he crashed the plane into the water. The plane was destroyed and Nordheim suffered severe injuries as a result of this accident, and even now has pain and restricted movement. He was not disciplined as a result of this accident.
In March, 1997, Nordheim caused another accident while flying surveillance. He had located a suspect boat and was about to land at a small, uncontrolled airport. Again, he was dealing with several matters simultaneously; he was speaking to FMP officers about the boat, he was using a direction finder to pinpoint the boat's location for the FMP officers, he was speaking to a passenger in the plane, and he was speaking to the airport concerning his landing. He was also supposed to be completing a landing checklist to assure that everything was in place for his landing. The third step of this landing checklist is a check of the landing gear; the pilot must make sure that the landing gear is down if he or she is landing on land rather than water. Generally, a radar altimeter alarm sounds when the landing gear has not been deployed, but to keep it from sounding unnecessarily during water landings, DEP had disconnected it.[1] Nordheim failed to lower the landing gear, and sustained $5,416.13 in damages to the undercarriage of the plane. Fortunately, no one was injured. The hearing officer found specifically that "Nordheim negligently failed to lower the gear because he was trying to accomplish too many tasks at one time."
DEP initially demoted Nordheim to the position of boat officer, however, it rescinded the demotion when Nordheim stated that he was physically unable to carry out the duties *1214 of boat officer as a result of the injuries from his 1991 accident. DEP then discharged Nordheim, and Nordheim appealed this discharge to PERC.
After a three day hearing, the hearing officer found that the agency had cause to take disciplinary action against Nordheim for negligence, and that, upon application of the mitigation criteria in section 447.208(3)(d), Florida Statutes (1995),[2] Nordheim's discharge should not be reduced. The order was reviewed by PERC, which found that there were mitigation criteria which weighed in favor of mitigation, and reduced the discipline from discharge to a ninety day suspension.
PERC disagreed with the hearing officer with regard to the application of one of the mitigation criteria in particular; (d)2., action taken with respect to similar conduct by other employees. The hearing officer restricted Nordheim's evidence with respect to prior FMP employees who had not been disciplined even though they were found to have negligently caused accidents. He found that they did not involve similar conduct, and thus should not be considered as mitigating. PERC, in it's final order, found that the conduct of those three employees was similar. It thus found that Nordheim's discharge constituted disparate treatment on the part of DEP, and PERC was bound to give some consideration to the prior actions of DEP. It found that, on the other hand, the lack of any penalty at all for negligent operation of an aircraft is unreasonable, and PERC is not bound to match unreasonable penalties.
On the other mitigating factors, PERC was in substantial agreement with the hearing officer. It agreed that the conduct was very serious, and thus, this criteria did not mitigate the penalty. It agreed that Nordheim's exemplary career weighed in favor of mitigation, but placed more weight on that factor than did the hearing officer. It agreed with the hearing officer that the extraordinary circumstances weighed only slightly in favor of mitigation. PERC ordered that Nordheim only be suspended for a period of ninety days, rather than be discharged. It is from this order that Nordheim appeals and DEP cross-appeals. We reverse.
In its order, PERC refused to consider its own case of Jackson v. Department of Juvenile Justice, 12 FCSR ¶ 163 (1997), which states that a new agency is not bound by the prior disciplinary actions taken by the agency which it succeeded. This is particularly important in this case, because the three employees PERC considered in reducing Nordheim's discipline had their accidents with the FMP prior to the creation of DEP on July 1, 1993. PERC decided that considering Jackson would be tantamount to a motion to reopen the record, because DEP did not raise this case before the hearing officer. We disagree.
PERC abused its discretion in failing to consider the rule in Jackson. Refusing to do so was an exercise of agency discretion that was "[i]nconsistent with officially stated agency policy or a prior agency practice" not explained by the agency. § 120.68(6)(e)3., Fla. Stat. (Supp.1996). This is a case which has precedential value for PERC. See Plante v. Department of Bus. & Prof'l Regulation, 23 Fla. L. Weekly D1338, D1338-39, 716 So.2d 790, 792 (Fla. 4th DCA 1998); Gessler v. Department of Bus. & Prof'l Regulation, 627 So.2d 501, 503-04 (Fla. 4th DCA 1993).
This is not a new issue being raised before PERC for the first time. C.f. Boyd v. Department of Revenue, 682 So.2d 1117, 1119 (Fla. 4th DCA 1996), review denied, 692 So.2d 185 (Fla.1997). The issue of mitigation *1215 based on the lack of discipline of past employees for similar actions was raised before the hearing officer.
Therefore, we reverse the final order and remand to PERC to reconsider the hearing officer's findings and conclusions in light of the record made before him, and to reconsider its decision in light of its own case of Jackson. This decision makes it unnecessary for us to reach the additional contested issue.
Reversed.
NOTES
[1] The hearing officer found that there was no evidence that Nordheim was negligent because the device was disconnected.
[2] Section 447.208(3)(d) states:

(3) With respect to hearings relating to demotions, suspensions, or dismissals pursuant to the provisions of this section:
...
(d) The commission is limited in its discretionary reduction of dismissals and suspensions to consider only the following circumstances:
1. The seriousness of the conduct as it relates to the employee's duties and responsibilities.
2. Action taken with respect to similar conduct by other employees.
3. The previous employment record and disciplinary record of the employee.
4. Extraordinary circumstances beyond the employee's control which temporarily diminished the employee's capacity to effectively perform his duties or which substantially contributed to the violation for which punishment is being considered.