STONE, Chief Judge.
We affirm an order of the Public Employees Relations Commission upholding Appellant’s dismissal by the Department of Corrections.
Taking the testimony most favorable to the department, Dalem was employed in 1989 and was promoted to Correctional Officer Lieutenant in February 1996. In September 1996, Dalem, while serving as the shift supervisor, responded to a radio transmission that two inmates were fighting in one of the dormitories. Officer Arpan and Officer Black-mon had broken up the fight by the time Dalem arrived. The officers removed one of the inmates from the cell and handcuffed him. Officers Krueger and Arpan then entered the cell to handcuff inmate Wayne Green. Krueger and Arpan testified that Dalem rushed past them into the room and began to beat, and curse at, inmate Green, although Green did not resist the officer in any way. Krueger and Arpan testified that Dalem kicked Green in the chest several times and once in the neck. Dalem also stood on top of a foot locker and twice jumped onto Green, landing on Green’s back. Eventually, the officers transported Green to a medical facility.
After the incident, Krueger approached Dalem about writing use of force reports. Dalem told Krueger that he did not think any reports were necessary because it was a routine handcuffing. Then, patently intending this as a cover story, Dalem told Krueger that Dalem was not even present at the scene. Dalem allegedly also remarked that, where he had come from, they used force like that often, and that the officers should get accustomed to it because the jail would be *576 getting more serious offenders in the future. Dalem further stated that if they did not have the stomach for that type of use of force, they should find other work.
In his defense, Dalem presented testimony from other officers that they were present during the incident, witnessed no abuse, and saw nothing improper occur.
Following the evidentiary hearing, the hearing officer found that the department had reasonable cause to terminate Dalem for abuse of an inmate, willful violations of rules and regulations, and giving false testimony. Dalem filed an appeal with PERC, which resulted in an affirmance of the hearing officer’s decision.
Dalem argues that the standard of proof to be applied is that of clear and convincing evidence. However, the hearing officer and commission correctly applied the preponderance of the evidence standard which is consistently applied in cases involving the termination of employment. See Cochran v. Broward County Police Benevolent Ass’n., Inc., 693 So.2d 134 (Fla. 4th DCA 1997); Florida Dep’t of HRS v. Career Serv. Comm’n, 289 So.2d 412, 414 (Fla. 4th DCA 1974) ( in reviewing the sufficiency of the evidence to support an agency’s discharge of an employee, the yardstick to be applied is preponderance of the evidence); Latham v. Florida Comm’n on Ethics, 694 So.2d 83, n. 3 (Fla. 5th DCA 1997); Wensil v. Department of Envtl. Protection, 675 So.2d 1040 (Fla. 1st DCA 1996).
We also reject Dalem’s claim that the hearing officer’s decision is not supported by competent substantial evidence because there is no medical evidence in the record indicating that excessive force was used and because the witnesses’ testimony was contradictory. The record reflects that the hearing officer considered the conflicting evidence and determined that the agency’s witnesses were more credible:
I have generally credited the testimony of the Agency’s witnesses Krueger, Garver, Arpan, and Cochenour based on the overall internal consistency of their testimony and on their demeanor. While some differences in their description of events exists, I do not find this unusual given the short period of time and the speed in which the events unfolded.
I found Dalem and his witnesses less reliable in that, for example, they contradicted each other regarding their respective locations vis-a-vis room 12, and what they could or did see. Additionally, these same witnesses offered contradictory testimony regarding Dalem’s argument that Krueger, Garver and Arpan fabricated their testimony because of the animus they allegedly harbored against him.
The hearing officer considered the apparent discrepancy between the lack of serious injury and the extent of abuse claimed by the inmate, and addressed this issue as follows:
Dalem also argues that the blows Green received were not commensurate with the injuries reported by Nurse Talbott. Upon review of all of the evidence, I conclude that this apparent discrepancy can be explained ' as follows: 1) While the events described by Krueger, Garver and Arpan are generally accurate, the force of the blows received by Green was not as severe as they appeared to these witnesses; and 2) some of the blows were likely deflected during the time Green was in a fetal position and attempting to protect his body.
It is the function of the hearing officer to consider and resolve these conflicts. Conklin Shows, Inc. v. Dep’t of Revenue, 684 So.2d 328 (Fla. 4th DCA 1996); Boyd v. Dep’t of Revenue, 682 So.2d 1117, 1118 (Fla. 4th DCA 1996). The record also reflects that the hearing officer considered the relevant mitigating factors and found that the circumstances of Dalem’s case did not warrant mitigation.
Therefore, the order is affirmed.
WARNER and GROSS, JJ., concur.