397 So.2d 769 (1981)
HENDERSON SIGNS, Appellant,
v.
FLORIDA DEPARTMENT OF TRANSPORTATION, Appellee.
No. WW-15.
District Court of Appeal of Florida, First District.
May 4, 1981.
*770 Charles M. Wynn, Marianna, for appellant.
Philip S. Bennett, Tallahassee, for appellee.
PER CURIAM.
On appeal in this case is an order of the Secretary of the Department of Transportation which, in effect, modified the hearing officer's findings of fact without first determining from a review of the complete record, and stating with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law. Section 120.57(1)(b)9, Florida Statutes (1979). We reverse and remand to the Department with directions to reinstate the order of the hearing officer.
On August 3, 1978, the Department of Transportation filed a notice of violation of Sections 479.07 and 479.11, Florida Statutes, and Rules 14-10.04 and 14-10.05, Florida Administrative Code, directed to Henderson Signs. An inspection made sometime before August 3, 1978, and reinspection on May 2, 1979, revealed that several of appellant's signs located along Interstate 10 did not carry the required permits. Henderson Signs requested a formal hearing under Section 120.57(1), Florida Statutes, and a hearing officer from the Division of Administrative Hearings was assigned. The hearing initially scheduled was cancelled pursuant to DOT's motion for a continuance. Another hearing was scheduled, and as a result of that hearing, the hearing officer on June 4, 1979, entered an order recommending *771 that no action be taken against Henderson Signs because DOT failed "to produce evidence that a place known as Interstate 10 was open to the public for purposes of vehicular travel" on the date of reinspection, May 2, 1979. The hearing officer found this element essential to the violations alleged because the term "highway" appears both in Section 479.07 and in Section 479.11.[1] The term highway is defined in Section 479.01(4): "`highway' means every way or place of whatever nature open to the use of the public for purposes of vehicular travel in this state."
Neither party filed exceptions to the findings of fact or conclusions of law in the recommended order issued on June 4, 1979. On June 14, 1979, however, counsel for the Department filed with the Secretary of the Department a motion to supplement the record. Accompanying the motion was an affidavit which would have established that the pertinent part of I-10 was open to the public on the date of reinspection. The Secretary denied the motion to supplement the record. The Secretary did, however, enter an "Order of Remand," purporting to remand the cause to the hearing officer in order to permit both parties to produce evidence on the issue of whether the portion of I-10 in question was open to the public on the relevant date. In that order, the Secretary noted that no procedure exists in Chapter 120 for the head of a department to remand a cause to a hearing officer, but stated that the procedure seemed proper and "it would seem that substantial justice would not be done to require all of the previous testimony, together with the witnesses' and parties' time, to resolve the one fact that appears to be determinative." The hearing officer denied remand due to lack of statutory authority for that procedure. He also stated:
It is as inherent in the administrative process as it is in the judicial process that eventually proceedings must come to an end. It works a substantial and unfair hardship on a Respondent to permit the agency by trial and error to perfect piecemeal its case against a Respondent. It is a denial of due process for the agency to proceed in such a manner.
A petition for certiorari review of the denial of remand filed with this court by the Department was denied.
Subsequently, the Secretary of DOT held a hearing, over Henderson Signs' objection, at which the missing element of proof was established. The Secretary then entered a final order declaring the signs to be public and private nuisances and ordering their removal.
Henderson Signs appealed, contending that the Secretary had no authority to hold the supplemental fact finding proceeding or to modify the hearing officer's findings of fact on grounds other than those set forth in Section 120.57 (1)(b)9, i.e., that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law. DOT responded that the holding of the supplemental proceeding was in furtherance of the Secretary's duty to enforce the outdoor advertising provisions of Chapter 479, and that rather than modifying a finding of fact, the Secretary had merely supplied a missing finding, thus the requirements of Section 120.57(1)(b)9 had not been violated. In addition, the Department as appellee cites as authority Henderson Sign Service v. Department of Transportation, 390 So.2d 159 (Fla. 1st DCA 1980), in which this court *772 stated that judicial notice could be taken that I-10 "was and is part of the federal highway system," asserting that the hearing officer could have taken official notice of the status of I-10 and should have done so. In essence, the Department contends that despite the unauthorized procedures employed by the Secretary, the correct result was obtained.
First, with regard to the argument that official notice should have been taken of the status of I-10 by the hearing officer, we note that the essential element lacking in this case, of which appellee would have had official notice taken, differs from the fact judicially noticed in Henderson Sign Service v. DOT, supra. Here we are concerned with whether a specific portion of I-10, along which appellant's signs are located, was open to the public on a date that, according to the Department's witnesses, the signs did not carry the required permits. If on that date that particular portion of I-10 was not open to the public, it was not a "highway" within the statutory definition and there could be no violation of Chapter 479. DOT was unable to establish that fact before the hearing officer, and the hearing officer was reluctant to continue the proceedings a second time.[2]
With regard to the Secretary's attempt to remand the case to the hearing officer after receiving the recommended order, we look to the recent case of Florida Department of Transportation v. J.W.C. Co., 396 So.2d 778 (Fla. 1st DCA 1981) for authority. It was conceded in the instant case, as in J.W.C. Co., that no statutory authority exists for a remand to the hearing officer. DOT apparently made an argument in J.W.C. Co. similar to the argument made here: that the authority to remand is inherent in the nature of the agency and the functions it is empowered to perform. We conclude, as we did in J.W.C. Co., that this case presents no exceptional circumstances under which a remand can be justified, and the hearing officer acted within his authority in denying the remand. "Substantial authority holds that there is no abuse of discretion in denying a rehearing (or remand) sought for the purpose of introducing evidence that could, in the exercise of due diligence, have been offered at the original hearing." (Citations omitted.) J.W.C. Co. at 786.
With regard to the supplemental proceeding conducted by the Secretary after the attempt to remand to the hearing officer was refused, we also stated in J.W.C. Co. that no provision in the statutes or rules of procedure authorizes or permits an agency head to "reopen" a hearing. Upon receiving the recommended order of the hearing officer, the agency is limited to the alternatives set forth in Section 120.57(1)(b)9, Florida Statutes (1979). Under that section the agency may adopt the recommended order as its final order or the agency may issue a final order rejecting or modifying the conclusions of law and interpretation of administrative rules in the recommended order, but the agency may not reject or modify findings of fact unless it determines from the record, and states with particularity in the order, that the findings of fact were not based on competent substantial evidence, or that the proceedings on which the findings were based did not comply with the essential requirements of law.
The Department argues that in the supplemental proceedings it did not reject or modify any finding of fact, rather it merely supplied a fact which was missing. The hearing officer made his findings of fact based on the record before him, which did not include information as to the date the particular segment of I-10 involved became open to the public. "Neither [Chapter 120] *773 nor the model rules of procedure suggest the procedure urged by DOT of allowing the agency to receive additional or cumulative evidence on matters as to which evidence has already been received and evaluated by the hearing officer." J.W.C. Co. at 784 (footnote omitted).
The hearing officer acted within his authority in requiring proof that the road was open to the public on the date in question. A violation of Chapter 479 subjects the sign owner to having his signs declared nuisances and ordered removed, obliterated, or abated. Section 479.17, Florida Statutes (1979). Thus we are concerned with a statute which is penal in nature. Although dealing specifically with the matter of competent substantial evidence to support a finding of fact in an administrative proceeding with penal ramifications, the following comment is of significance in this case: "[T]he violation of a penal statute is not to be found on loose interpretations and problematic evidence, but the violation must in all its implications be shown by evidence which weighs as `substantially' on a scale suitable for evidence as the penalty does on the scale of penalties." Bowling v. Department of Insurance, 394 So.2d 165 (Fla. 1st DCA 1981). The hearing officer in the instant case was authorized to require that DOT offer proof commensurate with the potential penalty.
The Secretary of the Department of Transportation acted beyond the scope of his authority in attempting to remand the case to the hearing officer and, failing that, in holding his own supplemental proceeding and entering a final order based on evidence not in the record before the hearing officer. The Department does not contend that the hearing officer's findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with the essential requirements of law.
The case is remanded to the Secretary with directions to reinstate the recommended order of the hearing officer as the final order in this case.
McCORD and SMITH, JJ., and OWEN, WILLIAM C., Jr., Associate Judge, (Retired), concur.
NOTES
[1] Section 479.07, Florida Statutes (1979) provides: "Any person who shall construct, erect, operate, use, or maintain, or cause or permit to be constructed, erected, operated, used, or maintained, any outdoor advertising structure, outdoor advertising sign, or outdoor advertisement along any federal aid primary highway or interstate highway within any incorporated city or town shall apply for a permit on a form provided by the department." Section 479.11, Florida Statutes (1979) provides: "No advertisement, advertising sign or advertising structure shall be constructed, erected, used, operated or maintained: (1) Within 660 feet of the nearest edge of the right-of-way of all portions of the interstate system or the federal-aid primary system except as provided in S.479.111, or within 15 feet of the outside boundary of any other federal or state highway... ."
[2] Appellee contends that the hearing officer incorrectly stated in his recommended order that no request for taking official notice was made, because counsel for DOT at one point in the proceedings said: "Mr. Hearing Officer, I believe that you can take official recognition of a road, the only one of its kind, that is identified as an Interstate 10 in this area commonly used as such, traveled by you and me and widely known and accepted to be an interstate highway." Obviously this statement did not address the issue of whether the highway was open for public vehicular traffic on a particular date.