545 So.2d 439 (1989)
MANASOTA 88, INC., Petitioner,
v.
Diane D. TREMOR, Hearing Officer, Division of Administrative Hearings, Respondent.
No. 88-03582.
District Court of Appeal of Florida, Second District.
June 16, 1989.
*440 Peter B. Belmont, St. Petersburg, for petitioner.
Robert A. Butterworth, Atty. Gen. and George L. Waas, Asst. Atty. Gen., Tallahassee, for respondent.
Richard T. Donelan, Jr., Asst. Gen. Counsel, Tallahassee, for State of Florida Dept. of Environmental Regulation.
Joseph W. Landers, Jr. and Richard A. Lotspeich of Landers and Parsons, Tallahassee, for intervenor, Agrico Chemical Co.
PER CURIAM.
Manasota-88, Inc. (Manasota) petitions this court for a writ of mandamus to compel Diane D. Tremor, in her capacity as a hearing officer for the Department of Administrative Hearings (D.O.A.H.), to conduct an evidentiary hearing on a dredgeand-fill permit application as requested by the Department of Environmental Regulation (D.E.R.).[1] We have jurisdiction. Art. V, § 4(b)(3); Fla. Const.; § 120.68(1), Fla. Stat. (1987); School Board of Lee County v. Malbon, 341 So.2d 523 (Fla. 2d DCA), cert. denied, 352 So.2d 172 (Fla. 1977).
This proceeding stems from a 1985 application by Agrico Chemical Company (Agrico) to mine certain wetland areas at its Payne Creek site in Polk County. On May 8, 1987, D.E.R. issued a "notice of agency action" wherein it announced its intention to grant the permit pursuant to the default provisions of section 120.60(2), Florida Statutes (1987). The notice further provided that "[p]ersons whose substantial interests are affected by the above agency action have a right ... to petition for an administrative determination (hearing) on the action."[2] Manasota, which describes itself as a non-profit corporation "whose stated purposes include the protection of the air, water, and other natural resources of the State of Florida," moved to intervene and petitioned for a formal administrative hearing. D.E.R. requested the assignment of a hearing officer "to conduct all necessary proceedings required by law and to submit a recommended order to the Department."[3]
Agrico, believing that a formal hearing was legally unwarranted, moved to dismiss Manasota's petition. Tremor, the hearing officer assigned by D.O.A.H., agreed to limit the proceedings before her to the sole question whether Agrico, by virtue of the provisions of section 120.60(2), was entitled to a permit by default. Eventually, on February 18, 1988, Tremor concluded that these provisions required issuance of the permit and submitted to D.E.R. a recommended order to that effect.[4] On March *441 31, 1988, the secretary rejected Tremor's proposed order and remanded the case to D.O.A.H. for a full evidentiary hearing.[5] However, rather than schedule such a hearing, Tremor, in response to Agrico's "motion to reject remand," issued an "order declining remand" wherein she adhered to her previous position that Agrico was entitled to its permit by default. It is this refusal to proceed which prompts the instant petition for mandamus.
Our ability to resolve this apparent standoff hinges upon the nature of the act Manasota seeks to compel. If it is essentially ministerial in nature, mandamus would be an appropriate remedy to redress any unwarranted refusal to act. If, on the other hand, Tremor is vested with the discretion to decline D.E.R.'s request for remand, mandamus will not lie. City of Miami Beach v. Mr. Samuel's, Inc., 351 So.2d 719 (Fla. 1977). An examination of the statutory framework for proceedings under Chapter 120, the Administrative Procedure Act, leads us to the conclusion that hearing officers enjoy rather broad discretion in connection with some aspects of their responsibilities, and little or none with respect to others.
Essentially, the duties of a hearing officer assigned by D.O.A.H. following a proper request under section 120.57(1)(b)3 are twofold. First, the officer shall make findings of fact, based exclusively upon a record compiled at a full evidentiary hearing at which all parties shall have the opportunity to present evidence and conduct cross-examination. See §§ 120.57(1)(b)4, 8, and 9, Fla. Stat. (1987). Such factual conclusions are generally binding upon the agency requesting the hearing, and may not be disregarded unless the agency finds them to be unsupported by competent substantial evidence. Alles v. Department of Professional Regulation, Construction Industry Licensing Board, 423 So.2d 624 (Fla. 5th DCA 1982). Agency factfinding independent of and supplementary to D.O.A.H. proceedings has been specifically disapproved. See, e.g., Friends of Children v. Department of Health and Rehabilitative Services, 504 So.2d 1345 (Fla. 1st DCA 1987).
Second, the officer shall state his or her conclusions of law regarding the ultimate action to be taken by the agency on the disputed matter. § 120.57(1)(b)9, Fla. Stat. (1987). The hearing officer's legal conclusions, as opposed to factual determinations, come to the agency with no equivalent presumption of correctness. Instead, the final decision as to the applicable law rests with the agency, subject, of course, to judicial review. In the present case, Tremor's legal conclusions, if correct and accepted by D.E.R., would obviate further evidentiary proceedings on the merits of Agrico's application and Manasota's objections thereto. However, since those legal conclusions have not been adopted by D.E.R., the result is a factually incomplete record which D.E.R., without the cooperation of Tremor, cannot surmount of its own accord.
Agrico, which has been permitted to intervene in this proceeding, points out that there is no express statutory authority for D.E.R. to remand this case to D.O.A.H. for further proceedings. In Florida Department of Transportation v. J.W.C. Co., Inc., 396 So.2d 778 (Fla. 1st DCA 1981), and Henderson Signs v. Florida Department of Transportation, 397 So.2d 769 (Fla. 1st DCA 1981), our sister court declined to decide whether such authority may be inherent in an agency's powers as established by the Administrative Procedure Act. Both cases, however, are easily distinguished from the present situation. J.W.C. and Henderson Signs concluded that no abuse of discretion occurred on the part of the agency by refusing to direct a remand to receive evidence which could have been introduced during the course of the original proceedings. Furthermore, neither case involved the refusal by D.O.A.H. to conduct any evidentiary hearing at all, as opposed to the taking of testimony supplementary to or continuing after such a hearing.
We do not conclude, as does Agrico, that Berry v. State of Florida, Department of Environmental Regulation, 530 So.2d 1019 (Fla. 4th DCA 1988), gives "tacit approval" *442 for hearing officers to refuse an agency's remand. In Berry the hearing officer had declined to accept certain testimony offered at the original hearing by D.E.R., which then failed to make an adequate proffer of that testimony  thereby depriving the appellate court of an adequate foundation for review. Furthermore, it appears the excluded testimony would have been cumulative of other testimony offered at the hearing. Under these circumstances "there was no departure from the essential requirements of law, and the hearing officer was not compelled to reopen the hearing to accept such testimony." 530 So.2d at 1022.
We need not determine the extent of an agency's authority to require an evidentiary hearing by D.O.A.H. We hold only that since D.E.R. is free to reject the hearing officer's conclusions on the threshold legal issue of permitting by default, having done so the agency then has the authority, if not the obligation, to demand the evidentiary proceedings necessary to resolve all factual issues involved in the application presently before it. In so holding, we recognize that if Agrico and Tremor are correct the evidentiary proceeding would, in retrospect, have been superfluous. However, any error resulting from the final decision by D.E.R. is remediable on plenary appeal. The possibility of unnecessary litigation is not considered irreparable injury justifying our interference. See, e.g., Whiteside v. Johnson, 351 So.2d 759 (Fla. 2d DCA 1977).[6]
The petition for writ of mandamus is granted and this case is remanded to the Department of Administrative Hearings for further proceedings consistent with this opinion.
CAMPBELL, C.J., and SCHEB and THREADGILL, JJ., concur.
NOTES
[1] D.E.R., while not the party initiating these mandamus proceedings, has submitted a response in which it concurs in the position taken by Manasota.
[2] See § 120.57, Fla. Stat. (1987).
[3] See § 120.57(1)(b)3, Fla. Stat. (1987). D.E.R. appears to accept Manasota's claim of standing, based on the provisions of the Environmental Protection Act, § 403.412(5), Fla. Stat. (1987).
[4] See § 120.57(1)(b)9, Fla. Stat. (1987).
[5] See § 120.57(1)(b)10, Fla. Stat. (1987).
[6] This court has previously denied a petition for mandamus by Agrico, wherein they sought to compel D.E.R. to issue the desired permit without referring the matter to D.O.A.H. for a full evidentiary hearing. Agrico Chemical Co. v. State of Florida, Department of Environmental Regulation, Table, 529 So.2d 696 (Fla. 2d DCA 1988).