ZEHMER, Judge.
The Board of Medicine of the Florida Department of Professional Regulation petitions for review of an interlocutory order entered by a Division of Administrative Hearings (DOAH) hearing officer, declining the Board’s remand of this case after the hearing officer submitted a recommended order. The hearing officer declined to consider new evidence regarding Marcelina D. Mata’s application for licen-sure by endorsement to practice as a medical physician in Florida.[1] We have jurisdic *365 tion pursuant to section 120.68(1), Florida Statutes (1987). We grant the petition and vacate the appealed order, holding that the Board is required by statute to consider new evidence adversely affecting an applicant’s qualification for licensure received before rendition of the Board’s final decision on that application, and that the Board has authority to deny the license on that ground even if the evidence is received after completion of a section 120.57(1) hearing on the application by a DOAH hearing officer; therefore, both the Board and the applicant are entitled to a further section 120.57(1) hearing to resolve any disputed facts arising out of such new evidence and to entry of a supplemental recommended order.
Mata initially applied for licensure by endorsement in October of 1983. After the Board announced its intention to deny Mata’s application on the ground that he had not met the statutory prerequisites to licensure, Mata sought a formal hearing pursuant to section 120.57(1), Florida Statutes (1983). A hearing was held in August 1984, and the hearing officer issued an order finding that Mata met the statutory prerequisites and recommending the Board issue Mata a license. Before the Board acted on the recommended order, however, criminal charges were filed against Mata for practicing medicine without a license. The criminal case was resolved by a plea bargain that resulted in Mata being placed on probation. In accordance with the terms of that plea bargain, Mata withdrew his application for licensure.
In January 1987, after Mata had completed his term of probation, he reapplied for licensure. The Board denied this application on the ground, inter alia, that Mata’s criminal conviction rendered him morally unfit to practice medicine. Mata again requested a section 120.57(1) hearing, which was held in January 1989. At the hearing, Mata expressed remorse for his prior actions and assured the hearing officer that he had rehabilitated himself. The hearing officer accepted Mata’s testimony, and on March 30, 1989, issued an order recommending the Board grant the license.
During this same period of time, however, the Department of Professional Regulation undertook to investigate recently received information that Mata was again practicing medicine without a license. This investigation culminated in Mata’s arrest on April 4, 1989, on criminal charges for practicing medicine without a license. The Department also filed civil charges against Mata. The Department moved the Board to remand the licensure proceeding to the hearing officer to consider this new evidence on grounds that the Board was obligated by law to consider all available information before rendering its final decision. Mata opposed remand, arguing that the Board was required by section 120.59 to render its decision within 90 days of receipt of the hearing officer’s recommended order already submitted to the Board, and there is no authority by statute or rule for reopening a section 120.57(1) hearing after the agency's receipt of the recommended order. Upon consideration of the Department’s motion, the Board ordered on July 3, 1989, that further proceedings in the matter be continued for 90 days while the investigation of the new charges continued.[2]
The new evidence revealed by that investigation was considered by the Board on October 6, 1989. Mata strenuously denied the truthfulness of the charges, pointing out that the criminal charges had been dropped. The Board voted to remand the matter to the DOAH hearing officer for a further determination of whether, in light of the events arising after the January 1989 formal hearing, Mata had sufficiently rehabilitated himself to practice medicine. The Board stated in its order of remand that it “considered] remand appropriate to resolve disputed issues of fact arising from evidence discovered after formal hearing was concluded, but before consideration of the Recommended Order by the Board.” At the same time, the Board issued an order of intent to deny Mata’s application *366 based on the new allegations of unauthorized practice and notified Mata that he was entitled to a section 120.57 hearing thereon should he so elect. Mata served a request for hearing on November 21, 1989.
On November 30,' 1989, the hearing officer issued an order that declined to consider any new evidence on remand, reciting in part:
The Board’s assertion that this cause should be remanded due to unresolved disputed issues of fact is inaccurate. All disputed issues of fact raised by the parties in this proceeding were resolved in the Recommended Order issued in this cause on March 30, 1989. A new issue coming into existence after the Recommended Order has been entered cannot, by logic or by giving words their ordinary meaning, be converted by pronouncement into a disputed issue of fact unresolved in the proceeding culminating in the issuance of the Recommended Order. Similarly, the Board’s new concern that Dr. Mata practiced medicine without being licensed to do so after the issuance of the Recommended Order in this cause cannot be termed evidence ‘discovered after formal hearing was concluded, but before consideration of the Recommended Order by the Board.’ In other words and by way of example, if practicing medicine without a license is a criminal offense, Dr. Mata’s alleged activity of doing so on April 1, 1989, would be a separate and different criminal offense than the admitted criminal offense of practicing medicine without a license in July of 1984, which was the subject matter of the formal hearing conducted in this cause.
Although the Board now doubts that Dr. Mata has rehabilitated himself since his confessed practice of medicine in July of 1984, that finding contained in the March 30, 1989, Recommended Order issued in this cause has not been rejected as not supported by competent substantial evidence and, therefore, remains a proper finding based upon the facts in existence at the time that the Recommended Order was issued. Accordingly, the Board’s concerns must be addressed in a manner different from remanding this case in order to raise for the first time a new basis for denial which came into existence after the conclusion of the formal hearing and the entry of the Recommended Order in this cause.
What the Board wishes the undersigned to consider is simply not new evidence discovered after the hearing; rather, it is evidence of an act allegedly committed after entry of the Recommended Order. The alleged practice of medicine without a license is an act which could in and of itself constitute a separate violation of several statutory provisions which could justify, or even require, revocation, suspension, or other disciplinary action to be taken against a licensee.
The Board appeals this order declining remand.[3]
The hearing officer’s decision is predicated on the notion that once a recommended order has been entered, the Board may not enlarge the issues affecting the licensure application based on new information thereafter acquired; instead, the license must be issued based on the recommended order without regard to such information and such new evidence can only be used as a basis for disciplining the newly licensed physician. This view would immutably fix the issues at the time the matter is referred to a hearing officer, limiting them to the reasons raised in the Board's initial intent to deny the application that was heard at the evidentiary hearing. We conclude that the hearing officer’s ruling is erroneous for the following reasons.
The statutes governing licensure of physicians require the Department and the Board to comply with certain directives before issuing a license to an applicant. Section 458.313(3), Florida Statutes (Supp.1988), requires that, “The department and the board shall assure that applicants for licensure by endorsement meet applicable criteria in this chapter through an investi *367 gative process.” [Emphasis added].[4] Nothing in the statute indicates that this investigative process must end when the Board issues an intent to deny the application and refers the matter to a hearing officer. There is no evident statutory intent to exclude consideration of additional pertinent information learned prior to the issuance of the license.
The record shows that the Department, following this statutory directive, investigated Mata’s fitness to obtain a license upon learning additional adverse information in March 1989. Pursuant to this investigation, the Department issued an investigative report to the Board stating that it had probable cause to believe that Mata had violated section 458.327(l)(a), which makes the practice or attempt to practice medicine without an active license a third-degree felony. In addition, the Department filed a complaint against Mata in the circuit court seeking imposition of a civil penalty pursuant to section 455.228(2) and the issuance of a Notice to Cease and Desist pursuant to section 455.228(1).[5] The Board likewise followed the directive contained in section 458.313(3) by extending the time to pass on Mata’s application another 90 days and remanding the cause back to the DOAH hearing officer for further consideration of whether, in light of the additional information contained in the investigative report, Mata had sufficiently rehabilitated himself to practice medicine.
The Board’s action in remanding the cause back to DOAH for further hearing was completely appropriate. Manasota 88, Inc. v. Tremor, 545 So.2d 439 (Fla. 2d DCA 1989) (“agency has the authority, if not the obligation, to demand the evidentiary proceedings necessary to resolve all factual issues involved in the application presently before it”). It must be remembered that this is a licensing proceeding governed in part by section 120.60. The Florida Administrative Procedure Act makes the hearing officer’s fact finding function in licensing proceedings an integral part of the whole process by which the agency determines whether to issue or deny the license. See McDonald v. Dept. of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977). When that process requires the licensing agency to consider all information coming to its attention prior to issuing a final decision, as the statute does in the instant case, the fact finding function of the hearing officer may of necessity be invoked more than once on the way to a final decision. This is necessarily so because if, prior to licensure, the Board had failed to consider Mata’s alleged unlicensed practice of medicine in March 1989, the Board would have been foreclosed from disciplining him for that action after licensure. Taylor v. Department of Professional Regulation, 534 So.2d 782 (Fla. 1st DCA 1988). It follows, therefore, that the hearing officer, on remand of the cause, was required to consider the new evidence developed subsequent to the January 1989 formal hearing and issue additional findings of fact determining the truth of the matters asserted and recommending whether, in light of that evidence, Mata is fit to practice medicine. If the hearing officer could decline the Board’s remand, as was done in this case, it would negate enforcement of pertinent statutory provisions governing applications for licensure. See e.g. § 455.213(1) (applicants are required to supplement their applications for licensure to reflect any material change in any circumstance or condition stated in the *368 application that takes place between the initial filing of the application and the final grant or denial of the license and that might affect the decision of the agency); § 458.313(3) (Board and Department are required to assure that applicants for licen-sure meet the licensing criteria).
The provisions in section 120.57(1)(b)10, Florida Statutes (1987), which have been construed and applied to prohibit remand to the hearing officer to consider additional evidence, e.g., School Board of Leon County v. Weaver, 556 So.2d 443 (Fla. 1st DCA 1990); Henderson Signs v. Florida Dep’t of Transportation, 397 So.2d 769 (Fla. 1st DCA 1981); Florida Dep’t of Transportation v. J.W.C. Co., 396 So.2d 778 (Fla. 1st DCA 1981), do not require affirmance in this case. Section 120.60 provides that licensing is subject to the provisions of section 120.57 “unless otherwise provided by statute enacted subsequent to the effective date of this act.” Our holding in this case is predicated on recently enacted provisions in chapter 458 that direct the Board to consider all information affecting an applicant’s qualifications that comes to the attention of the Board prior to the final grant or denial of the license. These requirements provide an exception to the strict application of section 120.57(1)(b)10 to deny further consideration of the application by the hearing officer. Cf. Florida Dep’t of Corrections v. Provin, 515 So.2d 302 (Fla. 1st DCA 1987).
The appealed order is VACATED and the cause is REMANDED for further proceedings in accordance herewith.
ERVIN and ALLEN, JJ., concur.

. Applications for licensure by endorsement are governed by section 458.313, and the proceed *365 ings are subject to the provisions of chapter 120. § 455.213, Fla.Stat. (1987).

. See § 458.313(3), Fla.Stat. (Supp.1988), quoted in part at note 4, infra.

. We are not informed whether the hearing officer has acted on Mata's request for a section 120.57(1) hearing pursuant to the notice of intent to deny issued in October 1989.

. Section 458.313(3) also provides: "When the investigative process is not completed within the time set out in s. 120.60(2) and the department or board has reason to believe that the applicant does not meet the criteria, the secretary or his designee may issue a 90-day licensure delay which shall be in writing and sufficient to notify the applicant of the reasons for the delay. The provisions of this subsection shall control over any conflicting provisions of s. 120.60(2).”
Corresponding provisions are found in section 458.311(4) relating to licensure by examination. Both sections became effective February 8, 1988.

. Section 455.228(1), Florida Statutes (1987), authorizes the department, upon finding probable cause to believe any person not licensed by the department or appropriate board has violated a provision, statute or rule relating to the practice of a profession regulated by the department, to issue and deliver to such person a notice to cease and desist from such violation.