575 So.2d 713 (1991)
DEPARTMENT OF PROFESSIONAL REGULATION, Appellant/Cross Appellee,
v.
Melvin S. WISE, M.D., Appellee/Cross Appellant.
No. 90-728.
District Court of Appeal of Florida, First District.
February 14, 1991.
Rehearing Denied March 13, 1991.
Lisa S. Nelson of the Department of Professional Regulation, Tallahassee, for appellant/cross appellee.
Mark P. Lang, of Mark P. Lang, P.A., Orlando, for appellee/cross appellant.
Rick Kolodinsky of Kolodinsky & Berg, New Smyrna Beach, Amy Berman Jackson and Nancy A. Voisin of Venable, Baetjer, Howard & Civiletti, and Donna Lenhoff of *714 the Women's Legal Defense Fund, Washington, D.C., for amicus curiae Women's Legal Defense Fund.
Paul Watson Lambert, and Stephen Marc Slepin of Slepin & Schwartz, Tallahassee, for amicus curiae Professional License Defense Lawyers Assn.
ALLEN, Judge.
The Department of Professional Regulation (the department) appeals from a final order of the Board of Medicine (the board) dismissing disciplinary proceedings against the appellee, Dr. Melvin S. Wise. In dismissing the action against the appellee, the board relied upon findings of fact set forth in a recommended order by a hearing officer of the Division of Administrative Hearings (the division). Because the recommended and final orders were based, at least in part, upon findings of fact reached after consideration of irrelevant evidence, we set aside the final order and remand for further proceedings.
The department filed an administrative complaint against the appellee, a psychiatrist, alleging his violation of various provisions of Chapter 458, Florida Statutes, by influencing several female patients to engage in sexual relations with him. The appellee took the position throughout the proceedings that none of the alleged encounters ever occurred.
A hearing was held pursuant to Section 120.57(1), Florida Statutes, before a hearing officer of the division. Five of the appellee's former patients testified that the appellee had used his role as their psychiatrist to influence them to engage in sexual relations with him. Over the department's objections, the hearing officer allowed the appellee to present evidence of each of these women's sexual histories, even to the extent of allowing testimony as to the names and numbers of their sexual partners, their pregnancies outside marriage, their aborted pregnancies, and their experiences as victims of incest and sexual abuse as children. Following the hearing, the hearing officer issued a recommended order in which he found, with almost no explanation as to his reasoning, that the testimony of the former patients was not clearly convincing. Consequently, he recommended that no disciplinary action be taken.
The department filed exceptions to the recommended order with the board and moved the board to remand the case for a new hearing before a new hearing officer. In its motion, the department argued that the hearing officer had reversibly erred in allowing the testimony regarding the former patients' sexual histories. The board granted all the department's exceptions and granted its motion.
On remand, the division refused to conduct a new hearing or to assign a new hearing officer and stated that the hearing officer had properly considered the evidence regarding the sexual histories of the appellee's former patients, reasoning that such evidence was relevant to the question of their credibility. In the order on remand, which was written by the same hearing officer who had conducted the earlier hearing, more elaboration was provided as to the hearing officer's reasons for doubting the credibility of the former patients. A review of those reasons reveals that the former patients' sexual histories played a part in leading the hearing officer to the conclusion that the testimony of the women was not credible.
Faced with the refusal of the division to conduct a new hearing, the board again expressed its view that the findings of fact had been based, at least in part, upon inadmissible evidence. But the board decided that if no new hearing was to be conducted, it was required to accept the hearing officer's recommended order and dismiss the complaint against the appellee. Accordingly, a final order to that effect was entered by the board. Pursuant to its authority under Section 455.225(7), Florida Statutes, the department has appealed that order to this court.
The department's first point on appeal is its contention that the testimony regarding the former patients' sexual histories was inadmissible. The first argument in support of this point is founded upon *715 Section 794.022, Florida Statutes, which is more commonly known as the "rape shield statute." The department argues that the statute was applicable to the hearing and therefore prohibited the admission of evidence relating to the former patients' sexual relations with anyone other than the appellee. We disagree. Section 794.022 is expressly limited by its own language to "prosecution[s] under s. 794.011." Since the hearing before the hearing officer was an administrative hearing rather than a criminal prosecution for sexual battery, the rape shield statute was simply not applicable.
Next, the department argues that even if the rape shield statute did not apply, the testimony was not relevant to the question of the credibility of the former patients or to any other issue before the hearing officer. We find this argument to have merit.
As a general proposition, evidence of a witness's sexual relations with a person other than an accused, whether in a civil, criminal, or administrative context, is simply not relevant to the question of the witness's credibility. There are exceptions to this proposition, not the least of which involves situations where proof of such a relationship is necessary to establish a witness's bias against the accused or motive to testify falsely. However, evidence of a witness's relationship with a person other than the accused, standing alone, has no probative value in the credibility determination. See Marr v. State, 494 So.2d 1139 (Fla. 1986); but cf. Olden v. Kentucky, 488 U.S. 227, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988).
In the present case, limited portions of the testimony regarding the former patients' sexual histories may have been marginally related to one or another of the appellee's theories as to some of the women's motives for testifying falsely against him. Nevertheless, the majority of the testimony served to do nothing more than reveal the circumstances under which the women had been involved in completely unrelated sexual relationships. Accordingly, a major portion of the testimony was wholly irrelevant and should not have been admitted by the hearing officer.
We reject the appellee's contention that even if the testimony was not relevant, it was nonetheless admissible under the provisions of Section 120.58(1)(a), Florida Statutes. That section provides a relaxed standard for the admissibility of evidence in administrative proceedings, but it specifically provides a threshold requirement that "[i]rrelevant ... evidence shall be excluded... ." Here, the evidence complained of was clearly irrelevant and failed to meet this threshold requirement.
The appellee also contends that the department waived any objection to the admissibility of the testimony by stipulating to the admission of the medical records prepared by appellee relative to his treatment of the former patients. The appellee asserts that the information revealed by the testimony to which the department objected was all contained in the medical records. We also reject this argument. First, the department stipulated to admission of the medical records merely for the purpose of proving that the appellee had treated the women. Agreeing to the admissibility of the medical records for that purpose obviously did not constitute a waiver by the department of its later right to question the relevancy of testimony relating to every point touched upon by the appellee in the medical records. Further, our review of the medical records reveals that only a small portion of the information brought out by the objectionable testimony was actually set forth in the medical records.
In reaching our conclusion that error occurred by reason of the hearing officer's reception of the former patients' sexual histories, we are aware that not every error in the administrative fact-finding process will require the setting aside of agency action. Where unfairness has not otherwise infected the fact-finding process, findings which are founded solely upon evidence which is both competent and substantial will not be disturbed on appeal. This accords with the harmless error standard set out in Section 120.68(8), Florida *716 Statutes, which provides that the appellate court shall remand for further agency action "if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure." This rule is particularly applicable in those administrative proceedings wherein findings of fact are constructed on conflicting evidence. Thus, if the evidence before the fact finder is conflicting but is nonetheless competent and substantial, a reviewing court is precluded from substituting its judgment for that of the agency as to disputed issues of fact. Gershanik v. Dep't of Prof. Reg., Bd. of Medical Examiners, 458 So.2d 302 (Fla. 3d DCA 1984), review denied, 462 So.2d 1106 (Fla. 1985); Kinlaw v. Unemployment Appeals Comm'n, 417 So.2d 802 (Fla. 5th DCA 1982); Boyette v. State, Prof. Practices Council, 346 So.2d 598 (Fla. 1st DCA 1977).
Although it is true that Dr. Wise's testimony conflicted with that of the complaining witnesses regarding the alleged sexual relations, and that the hearing officer may otherwise have had sufficient evidence before him to justify a finding for Dr. Wise, notwithstanding his erroneous admission of evidence relating to the witnesses' prior sexual histories, we have difficulty in concluding from this record that he would necessarily have found for the doctor. Indeed, the explanations set forth in the hearing officer's order on remand suggest that the irrelevant testimony played a part in leading the hearing officer to his conclusion that the testimony of the appellee's former patients was not credible.
Where significant inadmissible evidence has been erroneously admitted and the bases for the findings of fact are not sufficiently explained so that a reviewing body can determine whether competent substantial evidence supports the findings, the harmless error standard cannot be applied. As previously indicated, the recommended order in this case was conclusory in nature, providing almost no indication as to the evidentiary basis for the hearing officer's findings. Under these circumstances, we cannot say with any certainty that the improper admission of the irrelevant evidence did not impair the fairness or the correctness of the fact-finding process. We therefore determine that remand for clarification of the recommended findings is required.
We observe that when findings of fact are reached without explanation as to basis and following a hearing in which improper evidence has been admitted, appellate courts are not alone in being disadvantaged. Faced with such findings of fact, an agency is unable to fulfill both its obligation under Section 120.57(1)(b)(10) to determine whether the findings of fact are supported by competent substantial evidence, as well as its obligation under Section 120.59(2) to make a part of its final order, "a concise and explicit statement of the underlying facts of record which support the findings [of fact]."
For its second point on appeal, the department argues that the division erred in refusing to conduct the hearing directed by the board in its order remanding the cause to the division for a new hearing before a new hearing officer. As authority for this argument, the department relies upon Section 120.57(1)(b)(10), Florida Statutes, which provides, in pertinent part:
The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law.
The department's argument goes as follows: Questions relating to the admissibility of evidence are legal questions, rather than factual questions. Therefore, the board had authority, pursuant to the abovequoted language, to modify the hearing officer's conclusion as to the admissibility of evidence relating to the sexual histories *717 of the appellee's former patients. After the board had modified the legal conclusion as to the relevance of a substantial portion of the testimony upon which the hearing officer had relied in reaching his findings of fact, it was necessary for the findings of fact to be revisited in light of only the relevant evidence. Since the board lacked the authority under Section 120.57(1)(b)(10) to make findings of fact, the only reasonable resolution was for the board to remand to the division for findings of fact in light of only relevant evidence. Because the irrelevant testimony permeated the proceedings before the hearing officer, and because the hearing officer could not "unknow" what he knew of the former patient's sexual histories, the new findings of fact could properly have been reached only in a completely new hearing before a new hearing officer. Accordingly, the division should have followed the board's instructions upon remand to the division.
Because this case is here on appeal from the board's final order, we are not required to address the issue presented under the department's second point on appeal. We have authority to fashion a complete remedy under Section 120.68, Florida Statutes, without the necessity of addressing the question of what authority the board might have had, at some earlier point in time, to direct the division to act. If the department had petitioned this court for a writ of mandamus directed to the division following the division's refusal to conduct a new hearing before a new hearing officer, it might have been appropriate for us to fully address the issue. See, e.g., Board of Medicine v. Mata, 561 So.2d 364, 367 (Fla. 1st DCA 1990), and Manasota 88, Inc. v. Tremor, 545 So.2d 439, 442 (Fla. 2d DCA 1989). However, in light of the present posture of this case, we decline to do so.
For its third and final point on appeal, the department argues that the finding that "[t]he testimony of L.H. was no more persuasive in this case than it was before the Psychiatric Society" was not supported by competent substantial evidence. We find no evidence in the record from the hearing which would support this finding. We direct that the new recommended order entered upon remand shall not include this finding of fact.
The appellee has also filed a cross-appeal. The preceding discussion disposes of the arguments raised in the cross-appeal.
Having resolved the issues before us, we must fashion an appropriate remedy pursuant to our authority under Section 120.68, Florida Statutes. Because the final order of the board was based upon findings of fact reached following a hearing which was flawed by the admission of irrelevant evidence, and because such admission was not harmless error, the board's final order must be set aside. Accordingly, we set aside the final order and remand this cause to the board with directions that the board further remand this case to the hearing officer. The hearing officer shall review the record from the hearing previously held before him and enter a new recommended order, either on the record before him, taking into account only the legally relevant evidence previously admitted, or he may, at his option, consider additional evidence in deciding the issue. We direct that the new recommended order shall set forth a concise and explicit statement of the underlying facts of record supporting the findings of fact.
The final order of the board is set aside, and this cause is remanded for further proceedings in accordance with this opinion.
NIMMONS, J., concurs.
ERVIN, J., concurs with written opinion.
ERVIN, Judge, concurs.
I concur fully with the majority's opinion in remanding the cause to the board with directions that it further remand the case to the hearing officer for the purpose of clarifying his recommended order. Nevertheless, contrary to the majority's position, I would reach the issue of whether the board had the power to remand despite the failure of appellant to seek a writ of mandamus directed to the division's refusal to conduct further proceedings. In my judgment, *718 the agency had such power under the circumstances presented. The rule is reasonably free from doubt that an appellant's failure to seek an extraordinary remedy does not foreclose such party from later raising the issue in an appeal from a final order or judgment. See Wallace v. State, 575 So.2d 670 (Fla. 4th DCA 1991); Junger Util. & Paving Co. v. Myers, 14 F.L.W. 2650 (Fla. 1st DCA Nov. 15, 1989), motion for reh'g filed, No. 88-1674 (Fla. 1st DCA Nov. 30, 1989).
Although I consider that the board had the power to remand, I do not agree with the appellant's argument that the division was required to conduct a new hearing after all the evidence had been presented and a recommended order entered. In Department of Transp. v. J.W.C. Co., 396 So.2d 778, 783 (Fla. 1st DCA 1981), we stated that there was no provision in the applicable statutes or rules permitting an agency head to reopen a section 120.57 hearing once it is concluded. Rather, Section 120.57(1)(b)10, Florida Statutes, provides only two alternatives to the reviewing agency: the agency may adopt the recommended order as its final order, or the agency, in its final order, may reject or modify the recommended conclusions of law, but only if it determines from the record and states with particularity that the findings were either not based on competent, substantial evidence, or that the proceedings on which the findings were based did not comply with the essential requirements of law. Id. Accord Henderson Signs v. Department of Transp., 397 So.2d 769, 772 (Fla. 1st DCA 1981). Nor do I agree with the department's argument that remand to a different hearing officer is required when the only prejudice shown by an affected party is the hearing officer's erroneous reception of inadmissible evidence. I am therefore unable to glean from the record the exceptional circumstances[1] necessary for remand for the purpose of conducting a second evidentiary hearing before a different hearing officer.
Nevertheless, I see no statutory impediment to an agency's right to remand a case to a hearing officer for clarification only of his recommended findings once the agency determines that the submitted findings depended in part upon an erroneous conclusion of law, thereby making it impossible for such agency to determine from the record whether the hearing officer would have reached the same result absent that erroneous legal conclusion. Although no explicit statutory authority confers the right upon an agency to remand a case for clarification of a recommended order, the powers delegated to agencies are not only expressly conferred, but may arise as well by reasonable implication. See Department of Corrections v. Provin, 515 So.2d 302, 304-05 (Fla. 1st DCA 1987). In my judgment, an agency's power to remand to a hearing officer for clarification is reasonably indicated from section 120.57(1)(b)10, permitting a reviewing agency to adopt, reject, or modify findings of fact pursuant to the conditions stated therein, and from section 120.59(2), requiring an agency to set forth "a concise and explicit statement of the underlying facts of record" which support findings that do no more than merely track statutory language, and to explicitly rule on each proposed finding or exception. See also Island Harbor Beach Club, Ltd. v. Department of Natural Resources, 476 So.2d 1350 (Fla. 1st DCA 1985).
Thus the board, having decided that evidence was erroneously admitted due to the hearing officer's mistaken interpretation of the law, and being unable to determine from its review of the complete record whether the recommended order would have been entered without such evidence, could hardly be expected to comply with its statutory obligation either to adopt, reject, or modify the submitted findings of fact, or to recite in its final order explicit and concise statements of the underlying facts of record in support of its findings. Therefore, in my judgment, the present case is one which appropriately falls into the classification of exceptional circumstances, allowing *719 an agency to remand the case to the hearing officer for the sole purpose only of clarifying a recommended order. Cf. Board of Medicine v. Mata, 561 So.2d 364 (Fla. 1st DCA 1990); Venetian Shores Home & Property Owners v. Ruzakawski, 336 So.2d 399, 401 (Fla. 3d DCA 1976).
Due to the unique circumstances at bar, I consider remand to the hearing officer to be particularly appropriate in view of the fact, as observed in the majority's opinion, that there is other evidence in the record which could support the recommended order. As noted in Bernal v. Department of Professional Reg., Bd. of Medicine, 517 So.2d 113, 116 n. 3 (Fla. 3d DCA 1987), approved, 531 So.2d 967 (Fla. 1988), if an agency upholds one legally sufficient ground but not the other in rejecting a hearing officer's recommended order, remand to the agency would be required by a reviewing court to determine if the agency would increase the penalty over that recommended on the basis of the one valid reason only.[2]
Reviewing courts have long been recognized as having the inherent power to remand in cases where the reason for a lower tribunal's finding is not apparent from the record. See Village Inn Restaurant v. Aridi, 543 So.2d 778 (Fla. 1st DCA 1989) (although competent, substantial evidence supported workers' compensation award of wage loss benefits, remand was required for the judge to consider other evidence suggesting that claimant might have had sufficient work-related income so as to negate such award); School Bd. of Lee County v. Lee County School Bd. Employees, Local 780, AFSCME, 512 So.2d 238 (Fla. 1st DCA 1987) (remand for further finding as to employer's motivation in reprimanding its employee); Miller v. Department of Envtl. Reg., 504 So.2d 1325 (Fla. 1st DCA 1987) (agency was required to remand order to hearing officer so that he could enter new factual findings on an issue which he had initially disregarded as irrelevant based upon an erroneous conclusion of law). Considering the unique powers of review granted agencies by sections 120.57 and 120.59  both expressly and those reasonably implied therefrom  I am persuaded that agencies have the same authority as appellate courts to remand for clarification in circumstances where it is uncertain whether a finder of fact would have reached the same result if the evidence which the finder incorrectly admitted had not been received.
NOTES
[1] This court, in J.W.C. Co., 396 So.2d at 786, alluded to the possibility of an agency's remanding a case to a hearing officer upon the existence of exceptional circumstances.
[2] Although the supreme court, in its opinion approving the Third District's decision in Bernal, specifically rejected the agency's request that the case be remanded to the board to give it a second chance to modify the proposed penalty, the court observed that the reasons given by the board for modifying the hearing officer's recommended order were all legally insufficient.