SCHEB, JOHN M., (Senior) Judge.
Jasmine S. Abbas (claimant) appeals the decision of the Florida Unemployment Appeals Commission (UAC) reversing an appeals referee’s award of unemployment compensation benefits.
The claimant was employed as a server with the Olive Garden, a restaurant operated by appellee, GMRI, Inc. (employer). The employer terminated her employment because she failed to attend a scheduled skill session on October 12, 1997. She challenged her denial of unemployment compensation benefits, and an appeals referee, after an evidentiary hearing, reversed the claims adjudicator’s denial of benefits. On appeal by the employer, the UAC reversed the claimant’s entitlement to benefits on the ground the appeals referee mischaracterized the evidence. We reverse.
The evidence before the referee revealed that the claimant did not attend the October 12, 1997, skill session; that when an employee is not able to report for a scheduled skill training session, the employee is to meet with a manager to reschedule; and that rescheduling of attendance at such sessions is routine. There was conflicting evidence as to the claimant’s efforts to reschedule her attendance for a later session. The referee, however, accepted the claimant’s testimony as more credible. Although the referee found that attendance at the skill session was mandatory, she concluded that the claimant’s failure to attend the scheduled session did not constitute misconduct as defined by the statute.
The employer challenged the appeals referee’s decision, arguing that the claimant was disqualified from receiving benefits because the evidence showed that she was discharged for misconduct. A person who is discharged for misconduct is disqualified from receiving unemployment compensation benefits. § 443.101(l)(a)2, Fla. Stat. (1997). Therefore, the issue before the appeals referee and the UAC was whether the employer discharged the claimant for misconduct connected with her work.
Section 443.036, Florida Statutes (1997), defines misconduct as follows:
(26) MISCONDUCT. — “Misconduct” includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer’s interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and sub *452 stantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
The UAC adopted the appeal referee’s findings of fact and recognizes that the referee’s decision must be upheld if there is substantial, competent evidence to support the decision. See General Tel. Co. v. Board of Review, 356 So.2d 1357 (Fla. 2d DCA 1978). But as the UAC correctly points out, it may properly reject the referee’s conclusions of law when such conclusions do not comport with the law. See Manasota 88, Inc. v. Tremor, 545 So.2d 439 (Fla. 2d DCA 1989).
Although the UAC accepted the referee’s findings of fact, it determined that the claimant’s failure to attend a mandatory skill training session constituted misconduct as a matter of law. The UAC reasoned as follows:
The claimant was originally scheduled for the skill session on October 19, 1997. She asked if she could attend the session on October 12, and the employer granted her request. On October 11, the claimant asked to change the date of her session from October 12 to October 26. Her immediate supervisor advised her that it was a mandatory skill session. The claimant told the supervisor to leave a note for the general manager that she would not attend the skill session on October 12. The claimant did not attempt to contact the general manager herself. The claimant’s reason for attempting to reschedule the skill session again was that she had relatives visiting, which is not a compelling reason. The claimant was not free to change her work schedule as she chose. Because the claimant had been given prior warnings for attendance and understood that the skill session was mandatory, her failure to attend the session constituted misconduct connected with work within the meaning of the law.
(Emphasis added.)
The UAC’s reasoning was based primarily on one of the appeals referee’s findings that stated: “The claimant’s supervisor told the claimant it was a mandatory meeting.” The transcript of the testimony before the referee reveals that this statement is factually incorrect. Rather, the only testimony regarding whether the claimant was told the skill session was mandatory came from the claimant’s husband, Neil T. Abbas. Upon learning from other employees that both he and his wife had been discharged from the restaurant, Mr. Abbas called Timothy Acouseif, the general manager of the restaurant, and was then told that attendance at the skill session was mandatory.
The claimant testified she was originally scheduled for the skill session on October 19, 1997, but because she had plans to leave town that week, she asked for, and received, that day off. She further testified that it was the restaurant’s policy that if you cannot attend a skill session you had to tell a manager the date you will be attending and an employee is then permitted to attend any of the four skill sessions during the month. She stated that, upon learning on the evening of October 11, 1997, that she had been rescheduled for the skill session the next day, she had told her immediate supervisor to leave a note for the manager of the skill session to let her know that she would not be able to attend. She added that employees were always allowed to reschedule the skill sessions when an employee wanted a day off. Mr. Acouseif was the only witness on behalf of the employer. He stated that there was no note in the manager’s log from the claimant’s immediate supervisor regarding the claimant’s being unable to attend the skill session. However, he acknowledged there was a note from that supervisor that stated the claimant’s husband was told the skill session was not mandatory.
The burden of proving misconduct to prevent an employee from receiving unemployment benefits is on the employer. See Roberts v. Diehl, 707 So.2d 869 (Fla. 2d DCA 1998). Here the order *453 of the UAC was based on the appeals referee’s finding that, prior to the claimant’s failure to attend the skill session, she was informed that attendance was mandatory. The evidence, however, does not support this finding. Therefore, we reverse and remand with instructions to reinstate the claimant’s unemployment benefits.
CAMPBELL, A.C.J., and CASANUEVA, J„ Concur.